■ Claes Lindgren, Appellant, v New York City Housing Authority et al., Respondents. [624 NYS2d 35] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered November 15, 1993, which denied plaintiff's motion for, *inter alia*, renewal of a prior order, same court and Justice, entered June 10, 1993, granting defendants' motion for a change of venue from Bronx County to New York County, and denying plaintiff's cross motion to consolidate this action with another action pending in Bronx County, unanimously reversed, on the law and the facts, the motion to renew granted, and upon renewal, the motion for a change of venue granted, all without costs.

Renewal should have been granted based on plaintiff's joinder as third-party defendant in another, related Bronx County action, after the court's decision had been handed down. This circumstance, however, does not alter the result. Venue should be in New York County because none of the parties reside in Bronx County (CPLR 503), defendant Housing Authority's principal office is in New York County (CPLR 505), and the instant action was instituted before the other action *(Maciejko v Jarvis,* 99 AD2d 799). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.

■ Howard S. Denburg, Appellant, v Parker Chapin Flattau & Klimpl, Respondent. [624 NYS2d 151] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about June 16, 1994, which denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.

Summary judgment was properly denied on the ground that issues of fact continue to exist whether the parties intended the alleged oral agreement of 1986 to be an accord and satisfaction, and, if so, its intended scope *(see,* 82 NY2d 375, 384-385).

The Court of Appeals has specifically outlined the factual issue and in fact said that an agreement to settle a dispute can be enforced even though the forfeiture clause was itself unenforceable. Defendant's claim that the alleged agreement could also be viewed as a waiver by plaintiff of a contractual right or a compromise and settlement also raises issues of fact precluding summary judgment even though such theories were not specifically pleaded *(Rizzi v Sussman,* 9 AD2d 961). Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.