■ PATRICIA THOMAS et al., Respondents, v OUR LADY OF MERCY MEDICAL CENTER, Appellant. [734 NYS2d 33] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered August 29, 2000, which vacated its prior order entered April 29, 2000 granting defendant's motion on default, and denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff alleges that, while she was carrying a potted plant and accompanying her wheelchair-bound husband as he was being discharged from the hospital, she slipped and fell in the vicinity of a nurses' station. At her 1996 deposition, she testified that she had slipped on a water puddle on the floor extending from behind the nurses' desk. She testified at that time that nurses immediately came to her aid, placed her in a chair and arranged for her to be seen in the emergency room. In her 1999 deposition, she testified that she did not know what she had fallen on, that she had not observed a puddle or moisture on the floor, but that, while seated after the fall, she overheard two nurses, who were never identified, exclaim "they didn't clean up the spill from the bathroom." Although she lacked

personal knowledge, she surmised that the bathroom was behind the nurses' station. Garge Ramsamujh, one of the nurses who came to plaintiff's aid, testified that there had been no water seepage prior to the accident, except for a path of water drops that had dripped from plaintiff's plant that led back to her husband's room, and which Ramsamujh wiped up with a towel. She heard no conversation regarding any other spill, observed none, and had received no complaints regarding any spill.

In order to present a prima facie case, plaintiff must present admissible proof that defendant created, or had actual or constructive notice of, the defective condition that allegedly caused her to fall (*Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256; *Katsoris v Waldbaum, Inc.*, 241 AD2d 511). In order to be constructive, the defect must be visible and apparent and must have existed for a sufficient period to allow for discovery and correction (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Although hearsay evidence may be considered in opposition to a motion for summary judgment, it is insufficient to bar summary judgment when it is the only evidence submitted (*cf., Guzman v L.M.P. Realty Corp.*, 262 AD2d 99). The present evidence offered in support of plaintiff's claim that the alleged spill was from the hospital's bathroom was hearsay by unidentified employees. We have only plaintiff's own self-serving surmise, which is insufficient (*Brea v Lofton*, 256 AD2d 294). A plaintiff's speculation as to causation does not create the factual issue warranting trial (*Decker v Smith*, 217 AD2d 776). There being insufficient evidence of notice to defendant (*Gordon, supra*) as well as causation, plaintiff has failed to defeat defendant's entitlement to summary judgment. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.