■ SHARON BOWIE, Appellant, v 2377 CRESTON REALTY, LLC, et al., Respondents. [788 NYS2d 375]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered September 15, 2003, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings.

This is a personal injury action in which plaintiff testified, at an examination before trial conducted on December 9, 2002, that she went to 2379 Creston Avenue, Bronx, New York, on June 16, 2000, to visit her mother, who resided in Apartment F. Plaintiff stated that after leaving her mother's apartment, she proceeded to visit a friend, who resided on the fifth floor of the same building and, upon discovering that the friend was not at home, she started down the staircase. Plaintiff averred that as she was descending the last flight of stairs, which led into the lobby, she slipped and fell, sustaining various injuries. Plaintiff further testified that after she fell, she noticed that the stairs were wet and that water was leaking from the ceiling and dripping onto the steps.

Defendants, who are each alleged to be the owner, operator and/or manager of the building, moved for summary judgment after plaintiff filed a note of issue, alleging that plaintiff failed to demonstrate that defendants had actual or constructive notice of the alleged defective condition. Defendants, in support of their motion, relied on the December 9, 2002 deposition testimony of Nidia Torres, who identified herself as the building manager at the time of the incident. Ms. Torres testified that she visited the building two times a week, never noticed a leak on the staircase in question, and was unaware of any complaints

regarding water on those stairs. Ms. Torres further testified that Ruben Rodriguez was the superintendent of the building at that time, and that he lived on the premises and performed daily maintenance, which included sweeping and mopping the stairs. Ms. Torres stated that if something in the building needed to be repaired, Mr. Rodriguez would inform the repair department at defendant JMG Management Plus, the managing agent, who would then make a computerized record of the needed repair. Ms. Torres did not believe the computer repair records still existed at the time of her deposition because the building had previously been sold, and all of the records had been transferred to the new owner.

In response, plaintiff submitted an affirmation from her attorney and the affidavits of four individuals who were residents of the building on the date of the accident. The affiants all aver, with minor variations: that the leak started approximately two months prior to plaintiff's fall; that it got continually worse, resulting in a partial collapse of the ceiling one month prior to the occurrence; and that they complained, on several occasions, to the landlord's office and/or Mr. Rodriguez.

Defendants, in reply, point out that three of plaintiff's newly discovered "witnesses" were not disclosed prior to the filing of the note of issue, and that the newly proffered testimony was obviously tailored to defeat defendants' motion for summary judgment, and should therefore be disregarded by the court. As to the fourth affiant, a Ms. Paula Spain, defendants acknowledged that her identity had been previously disclosed, but argue that her affidavit should also be disregarded, not only because it was tailored to defeat defendants' motion, but also because Ms. Spain's statements directly contradict the sworn testimony of plaintiff.

The motion court granted defendants' motion for summary judgment, holding that "plaintiff's proffered opposition is tailored to defeat the motion, and thus insufficient to deny the motion." The motion court, in reaching its brief decision, apparently chose to consider, and then reject, plaintiff's late affidavits. Plaintiff appeals and we now reverse.

To be sure, plaintiff's affidavits from three previously undisclosed witnesses, as well as Ms. Spain's affidavit, which appears to contradict plaintiff's testimony on several points, are problematic (see e.g. Rodriguez v New York City Hous. Auth., 304 AD2d 468, 469 [2003]). Regardless, we need not reach that issue, as it is well settled that in order to prevail on a motion for summary judgment, the moving party must demonstrate entitlement to judgment as a matter of law (Ferrante v Ameri-

*can Lung Assn.*, 90 NY2d 623, 630-631 [1997]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and the failure to make such a showing will result in the denial of the motion, notwithstanding the insufficiency of the opposition's papers (*Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982, 985 [1993]; *Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 140 [2000]).

In this matter, we find that defendants have not met their burden as Ms. Torres's testimony, standing alone, is insufficient to establish a prima facie case warranting summary judgment. Ms. Torres testified that it was Mr. Rodriguez who was at the building on a daily basis and who, if a repair was needed, would alert JMG Management, which would then generate a computer record of the problem. Defendants, however, apparently made no effort to search for these records, or to contact the new owner to ascertain their status, and when asked if the records still existed, Ms. Torres stated "[n]ot that I know of."

Moreover, it is clear Mr. Rodriguez would be the individual with the most knowledge regarding the condition of the building and whether or not repairs were needed to the lobby stairs, and although Mr. Rodriguez is no longer in defendants' employ and is currently living in Puerto Rico, a point to which Ms. Torres testified, defendants do not even suggest that they attempted to locate him in order to procure an affidavit or his testimony. Finally, defendants acknowledge that they were aware of Ms. Spain's identity prior to the filing of the note of issue, yet they made no attempt to contact her.

Accordingly, we find that defendants failed to demonstrate their entitlement to summary judgment. Concur—Mazzarelli, J.P., Saxe, Marlow, Ellerin and Nardelli, JJ.