■ LILIA PAZ, Appellant, v TRUMP PLAZA HOTEL AND CASINO, Respondent and Third-Party Plaintiff-Respondent. OTIS ELEVATOR COMPANY, Third-Party Defendant-Respondent. [812 NYS2d 82]—

Order, Supreme Court, New York County (Debra A. James, J.), entered February 25, 2005, which, insofar as appealed from, granted defendant Trump Plaza Hotel and Casino's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On December 15, 2001, plaintiff, after checking in at defendant hotel and casino, got on an escalator to go to her room. As she was approximately two thirds of the way up, the escalator, without warning, suddenly and instantly stopped. This caused her to fall forward as she held on to the railing with her right arm.

In August 2002, plaintiff commenced this personal injury action against defendant, claiming that, as a result of defendant's negligence, she sustained a right shoulder rotator cuff tear which required arthroscopic surgery. Plaintiff alleged that defendant's negligence consisted of, among other things, its failure to maintain the escalator in a reasonably safe and usable condition, allowing the escalator to become unsafe and dangerous, and in failing to inspect and repair the escalator.

Defendant moved for summary judgment dismissing the complaint, arguing that the escalator's ability to be stopped was a safety feature, not a dangerous or defective condition. It also argued that the stop in question was probably the result of the activation of one of many safety sensors in the escalator. Supreme Court granted the motion, finding an absence of triable issues of fact regarding defendant's alleged negligence. We reverse.

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [citations omitted]).

Defendant did not meet its initial burden on the motion. In support of its motion, defendant submitted the deposition testimony of plaintiff and the supervisor from Otis Elevator Company who was assigned to defendant at the time of the accident. These submissions were insufficient to demonstrate the absence of triable issues of fact regarding, among other things, whether a defective or dangerous condition existed, and notice. Therefore, Supreme Court erred in granting defendant's motion. Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.