■ MAGDELINE VAUGHAN, Respondent, v 1720 UNICO, INC., et al., Appellants-Respondents and ARCO ELEVATOR COMPANY, INC., Respondent-Appellant. [818 NYS2d 916]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered April 1, 2005, which denied defendants' motions for summary judgment dismissing the complaint or, in the alternative, for summary judgment upon their cross claims for indemnification, unanimously affirmed, without costs.

Defendants did not meet their burden as movants to demonstrate a prima facie entitlement to summary judgment (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 630-631 [1997]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although defendants maintain that they had no notice of the alleged elevator hazard, i.e. misleveling, they produced no affidavit or testimony from the building superintendent to substantiate their claim that there were no prior complaints that the elevator in question misleveled. The omission is particularly glaring since defendants' witnesses testified that when they were not themselves on-site, it was the superintendent who would notify them of any problems (*see Bowie v 2377 Creston Realty, LLC*, 14 AD3d 457, 459 [2005]; *and see Paz v Trump Plaza Hotel & Casino*, 28 AD3d 212 [2006]). Also leaving an unresolved issue as to notice was defendant Arco Elevator Company's failure to produce the work ticket from its last service of the subject elevator prior to the alleged accident.

Inasmuch as the record does not permit us to conclude with respect to any defendant that the alleged hazard was not proximately caused by negligence on its part, summary judgment on defendants' respective claims for indemnification was properly denied (*see Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.