■ CARLOS CUEVAS, Respondent, v CITY OF NEW YORK et al. Defendants, and CABLEVISION OF NEW YORK, Appellant. CABLEVISION OF NEW YORK, Now Known as CABLEVISION SYSTEMS NEW YORK CITY CORPORATION, Third-Party Plaintiff-Respondent-Appellant, v TRINITY COMMUNICATIONS CORP. et al., Third-Party Defendants-Appellants-Respondents. [821 NYS2d 37]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered July 27, 2005, which, to the extent appealed from, denied, upon renewal of an earlier order, defendant Cablevision's motion for summary judgment dismissing the complaint and all cross claims as against it, and denied the motions between the third parties for summary judgment on their claims for indemnification against each other, unanimously affirmed, without costs.

Third parties Trinity and Cablevision have not demonstrated that dismissal of plaintiff's common-law negligence claim is warranted, since the record reflects that plaintiff did in fact identify the cause and location of his accident. While he could not recall the exact manner in which his foot became entrapped in the alleged defect, and could not describe the way it looked on the night of the accident prior to his fall, he repeatedly identi-

fied the gap/hole between the sidewalk and the depressed cable vault cover as the condition that trapped his foot and caused him to fall. Plaintiff also specifically identified, by circling and initialing on a photographic exhibit, the exact location and condition that caused his fall. This was not an accident caused by a transitory condition such as ice or a slippery liquid of nebulous nature. Here, plaintiff woke up with his leg twisted, then saw the gap, and even saw his sneaker off. As it was not his obligation to prove his claim to defeat the motion for summary judgment, he was entitled to a reasonable inference (*see Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 140 [2000]) that the gap caught his foot and caused him to fall (*cf. Thomas v Our Lady of Mercy Med. Ctr.*, 289 AD2d 37 [2001]). Any inconsistency in plaintiff's testimony would merely raise a credibility issue for the trier of fact (*see Yaziciyan v Blancato*, 267 AD2d 152 [1999]). His deposition testimony indicated that the conditions reflected in the photographs were substantially the same as those existing on the night of the occurrence, thereby authenticating them (*cf. Labella v Willis Seafood*, 296 AD2d 382 [2002]).

Since Trinity's witness was unaware of whether the installation of the vault was satisfactory, and Trinity failed to produce a witness who would have had direct knowledge of such facts, Trinity failed to establish a prima facie case that it did not create the defective condition (*see Bowie v 2377 Creston Realty, LLC*, 14 AD3d 457, 459 [2005]). The summary judgment motion was thus properly denied regardless of the sufficiency of plaintiff's opposing papers (*see Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982, 985 [1993]). While Cablevision met its prima facie burden in seeking summary dismissal, plaintiff, in opposition, presented evidence showing that the plate may not have been flush with the sidewalk for an appreciable length of time prior to the accident (*cf. Kasner v Pathmark Stores, Inc.*, 18 AD3d 440 [2005]), and that Cablevision may have violated New York City Highway Rules (34 RCNY) § 2-07 (b), which generally results in owner liability (*see Cruz v New York City Tr. Auth.*, 19 AD3d 130 [2005]). Although plaintiff did not identify this provision in his complaint or bill of particulars, such omission need not be fatal, as we find no prejudice or unfair surprise (*see Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 232 [2000]; *Denburg v Parker Chapin Flattau & Klimpl*, 213 AD2d 297 [1995]).

Notably, although plaintiff previously had available his expert's curriculum vitae but inadvertently omitted it from his original papers, the court providently exercised its discretion in

granting renewal (*see Framapac Delicatessen v Aetna Cas. & Sur. Co.*, 249 AD2d 36 [1998]). In that regard, while the expert did not visit the accident scene, his affidavit was not speculative because it was based on a review of the documentary and photographic evidence that plaintiff identified as accurate representations (*see Taylor v New York City Tr. Auth.*, 48 NY2d 903, 904 [1979]; *see also Tate v Freeport Union School Dist.*, 7 AD3d 695 [2004]). Although the expert may not have set forth the industry standards for installing such a vault, or the basis for his knowledge, the fact is that he was a licensed engineer, entitled to give his expert opinion on matters of subgrade soil, concrete, gravity, exposure to elements, aged concrete and concrete dust. Such fundamental principles as irregularity, width, depth and appearance of a defect within concrete do not necessarily require strict substantiation of industry standards to support notice (*see Taylor*, 48 NY2d at 904; *Vila v Cablevision of NYC*, 28 AD3d 248, 249 [2006]). Any lack of specific experience the expert may have had in cable vault installations merely relates to the weight to be accorded his opinion, but does not render it inadmissible or without basis.

In view of the foregoing, Cablevision's argument that the court erred in failing to award it conditional indemnification from Trinity in the event plaintiff recovers from it is unavailing. At the outset, Cablevision's contention relies on the wrong portion of the contract, i.e., paragraph 19 (e), which involves only injuries or losses "that may occur in the course of performance of this Agreement by Contractor." Plaintiff's accident did not occur during the course of performance of the work, but rather years later.

Further, since the record shows that there are triable issues of fact regarding whether Trinity improperly installed and Cablevision improperly maintained the vault, it remains to be determined whether Trinity will be found to have been the sole party at fault for plaintiff's injuries, rendering premature a conditional order of indemnification. Likewise, Cablevision cannot enforce the contractual indemnification provision against Trinity unless it demonstrates its own freedom from negligence (*see Cavanaugh v 4518 Assoc.*, 9 AD3d 14 [2004]; *see also Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786 [1997]), which it has yet to do. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.