■ PATRICK BAUMGARDNER, JR., by His Father and Natural Guardian, PATRICK BAUMGARDNER et al., Respondents, v Do-

MENICA RIZZO, Respondent-Appellant, and THE RIVOLI COMPANIES, Appellant-Respondent, et al., Defendant. [827 NYS2d 24]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 5, 2006, which, inter alia, denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed as against all parties. The Clerk is directed to enter judgment accordingly.

The infant plaintiff suffered severe burns while being bathed by his parents when a sudden and unexpected blast of scalding water emanated from the bathroom sink. Eleven days before the accident, in response to a complaint from defendant landlord Rizzo with respect to "poor hot water," defendant Rivoli serviced the boiler.

Both Rizzo's motion and Rivoli's cross motion for summary judgment seeking dismissal of the complaint against them should have been granted. The evidence demonstrates that Rizzo neither created the condition that caused the infant's injuries nor had actual or constructive notice concerning the water being *too* hot. Further, in responding to a complaint of poor hot water, Rivoli's work on the boiler, evidenced by its service ticket, of flushing the low water cutoff, cleaning the glass gauge which indicates the water level, and spraying lubricant on the auto water feeder, all things related to the boiler's operation of steam throughout radiators in the building but having nothing to do with water temperature, was proper. The opinion of plaintiff's engineer that a malfunctioning hot water mixing valve caused a surge of high temperature, which was made without an on-site inspection of the boiler, is based on speculation and is insufficient to rule out other causes of the accident such as a spontaneous equipment malfunction, a long-standing defect, human error, a loss of electric power or deliberate alteration. Rivoli, who performed no work on the boiler's mixing valve, fulfilled its obligation under its limited service

contract once the burner was found to be in proper order and the water temperature found to be "ok."

In light of the foregoing, we need not reach plaintiff's remaining claims. Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.