■ ROBERT LATRONICA, Respondent, v F.N.G. REALTY CORP. et al., Appellants. [850 NYS2d 402]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered January 5, 2007, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, or, in the alternative, dismissing so much of plaintiff's claim as is based on res ipsa loquitur, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The court should have granted defendants summary judgment in this personal injury action, where plaintiff allegedly sustained second- and third-degree burns on April 3, 2004 as a result of a sudden burst of scalding water emitted from the cold

water faucet in his bathtub. Plaintiff failed to raise a triable issue of fact whether defendants had notice of the alleged defect (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). At his deposition, plaintiff complained that the hot water was "too warm," not that hot water would come out of the cold water faucet, which is what he alleged happened (*see Baumgardner v Rizzo*, 35 AD3d 223 [2006], *lv denied* 8 NY3d 806 [2007]).

Plaintiff's expert's opinion is without probative value, as the expert inspected plaintiff's bathroom two years after the incident and did not inspect the boiler (*see McGarvey v Bank of N.Y.*, 7 AD3d 431 [2004]). Plaintiff failed to raise a triable issue of fact whether defendants kept the water at an unsafe temperature because this claim is based on the expert's nonprobative conclusion that "the temperature of the water ranged from 103 to 139 degrees" (*see Williams v Jeffmar Mgt. Corp.*, 31 AD3d 344, 346-347 [2006], *lv denied* 7 NY3d 718 [2006] [landlord had no duty to ensure that hot water piped into apartments was not more than 120 degrees]). The New York City Department of Buildings' violation notices dated between 1989 and 1995 are too remote in time to raise a triable issue of fact (*see Kasper v Buffalo Bills of W. N.Y.*, 42 AD2d 87, 90 [1973]), and, in any event, do not relate to the specific condition of which plaintiff complains. Furthermore, plaintiff's actions of putting his feet into the water after checking the temperature constituted a superseding event that in our view broke the causal link between any alleged negligence by defendants and plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Finally, the doctrine of res ipsa loquitur does not avail plaintiff under these particular circumstances as, at the very least, the element of exclusive control on defendants' part is not established in this record (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]). Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.