■ EVA FLORES, Respondent, v LANGSAM PROPERTY SERVICES CORP. et al., Appellants. [881 NYS2d 405]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about September 29, 2008, which, insofar as appealed from in this action for personal injuries allegedly sustained as a result of being burned by a burst of scalding water that emanated from plaintiff's showerhead after it was turned off, denied defendants' motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff commenced this action in May 2005, asserting a cause of action in negligence to recover damages for burns she allegedly sustained in her shower in April 2004. In an order dated September 16, 2008, Supreme Court denied defendants' summary judgment motion, reasoning that defendants failed to "submit evidence that [they] inspected and maintained [their] property in a reasonably safe condition as a matter of law; thereby obviating constructive notice."

Defendants' submissions, which consisted of the pleadings and plaintiff's verified bill of particulars and deposition

testimony, were sufficient to show the absence of triable issues of fact regarding their constructive notice of the defective condition which the plaintiff alleges caused her injuries (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In her deposition, the plaintiff testified that the shower suddenly and without warning sprayed her with scalding hot water. Furthermore, this had never happened before. Plaintiff's prior complaints had concerned hot water dripping from the shower. The water that scalded plaintiff was, as described by her, a strong stream and very hot. Notice of a dripping shower will not suffice when the defect that injured the plaintiff was unrelated and not readily apparent (*see LaTronica v F.N.G. Realty Corp.*, 47 AD3d 550 [2008]; *Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500 [2007], *lv denied* 9 NY3d 809 [2007]; *Baumgardner v Rizzo*, 35 AD3d 223 [2006], *lv denied* 8 NY3d 806 [2007]).

Plaintiff failed to rebut defendants' prima facie showing that they had no notice of the defective condition or that they had no duty to inspect for a spontaneous occurrence. Concur—Friedman, J.P., Sweeny and Catterson, JJ.

Renwick and Freedman, JJ., dissent in a memorandum by Freedman, J., as follows: I would affirm the motion court's order. Contrary to the majority's position, I find that defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Plaintiff testified in her deposition, that she had made a number of complaints to the super and the handyman about hot water dripping constantly from the shower, and although he assured her he would take care of it, nothing was done. She also stated that there were a number of grandchildren in the apartment, and that in order to bathe them, towels had to be put over the shower head. She further testified that other tenants had complained about hot water leaks and that nothing had been done.

I disagree that the prior complaints were insufficiently related to the alleged defect that injured plaintiff to constitute notice. The sudden burst of hot water after the shower was turned off was close enough to the ongoing complaint of hot water constantly dripping or streaming from the shower head to raise a triable issue as to notice.

Defendants' submissions, which consisted of the pleadings and plaintiff's verified bill of particulars and deposition testimony, were insufficient to show the absence of triable issues of fact regarding their constructive notice of the defective condition which plaintiff alleges caused her injuries (*see Paz v Trump Plaza Hotel & Casino*, 28 AD3d 212, 213 [2006]). Nota-

bly, defendants failed to produce the building superintendent to whom tenants would have complained of problems with the hot-water system, and failed to produce any records relating to the maintenance of and complaints about the boiler and hot-water system despite numerous requests and court orders to produce them (*see Carlos v 395 E. 151st St., LLC*, 41 AD3d 193, 196 [2007]; *Vaughan v 1720 Unico, Inc.*, 30 AD3d 315, 316 [2006]). The two witnesses produced, a repairman and a property manager, were unaware of the identity of the superintendent or sure of where maintenance records, if any, were kept.