In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Sweeney, J.), entered March 16, 2009, which, upon an order of the same court (R. Doyle, J.), dated January 28, 2008, denying its motion for summary judgment dismissing the complaint, upon the subsequent withdrawal by the plaintiff of his second, third, and fourth causes of action, and upon a jury verdict on the issue of liability finding it 25% at fault in the happening of the accident, and awarding damages, is in favor of the plaintiff and against it.
Ordered that the judgment is reversed, on the law, with costs, the defendant’s motion for summary judgment dismissing the complaint is granted, the complaint is dismissed in its entirety, and the order dated January 28, 2008, is modified accordingly.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when a landing gear crank affixed to a tractor trailer owned by the defendant, American Steel Processing Co. (hereinafter American Steel), and leased to the plaintiffs employer recoiled and struck him in the eye. In an order dated January 28, 2008, the Supreme Court denied American Steel’s motion for summary judgment dismissing the complaint, finding triable issues of fact as to whether American Steel owed the plaintiff a duty of care to ensure that the landing gear was safe for its intended purpose and whether it had notice of any defective condition prior to the incident. The plaintiff subsequently withdrew his second, third, and fourth causes of action. After a trial on the issue of liability on the plaintiffs first cause of action, sounding in negligence arising from the existence of a dangerous condition in the landing gear crank and the failure to warn thereof, the jury found American Steel 25% at fault in the happening of the accident.
The Supreme Court erred in denying American Steel’s motion for summary judgment dismissing the complaint. As owner and lessor of the trailer, American Steel owed a duty to warn *671 the plaintiff of “known defects that are not obvious or readily discernible” (Ruggiero v Braun & Sons, 141 AD2d 528, 529 [1988], citing Sukljian v Ross & Son Co., 69 NY2d 89 [1986]; see Burns v Haines Equip., 284 AD2d 922 [2001]). Here, the deposition testimony of American Steel’s foreman demonstrated, prima facie, that it neither created nor had actual or constructive notice of the allegedly dangerous and defective condition of the landing gear crank (see e.g. Flores v Langsam Prop. Servs. Corp., 63 AD3d 502 [2009], affd 13 NY3d 811 [2009]). Moreover, in light of the plaintiffs testimony at his deposition that he was already aware of the specific hazards involved in operating the landing gear crank, American Steel had no duty to warn with respect to the general operation of the crank (see Warlikowski v Burger King Corp., 9 AD3d 360 [2004]; Lonigro v TDC Elecs., 215 AD2d 534, 535-536 [1995]).
In opposition to American Steel’s prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, American Steel’s motion for summary judgment dismissing the complaint should have been granted, and the judgment appealed from must be reversed.
In light of our determination, American Steel’s remaining contentions have been rendered academic. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.