■ COLLEEN DUFF, Plaintiff, v 646 TENTH AVENUE, LLC, et al., Defendants, and J.L. HEATING & CONTRACTING, LLC, Respondent. J.L. HEATING & CONTRACTING, LLC, Third-Party Plaintiff-Respondent, v M.J.D. BUILDING MAINTENANCE LLC, Third-Party Defendant-Appellant. [996 NYS2d 24]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 30, 2013, which, to the extent appealed from as limited by the briefs, denied third-party defendant's motion for summary judgment dismissing of the third-party complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the third-party complaint.

In this action for personal injuries allegedly sustained by plaintiff when she was burned by hot water while showering in the bathroom of an apartment located at 646 Tenth Avenue in Manhattan, third-party defendant M.J.D. Building Maintenance LLC, the building's superintendent, met its initial burden of demonstrating that it did not create or have actual or constructive notice of the alleged dangerous condition. Although third-party defendant acknowledges acting to address complaints of

no heat or hot water on the upper floors of the building within two weeks of the incident which resulted in plaintiff's injuries, the undisputed evidence establishes that the domestic hot water supply system and the heating system for the building were separate, and that adjustments made by third-party defendant to the heating system would have had no effect on the domestic hot water supply system (*see Baumgardner v Rizzo*, 35 AD3d 223, 224 [1st Dept 2006], *lv denied* 8 NY3d 806 [2007]).

Third-party plaintiff failed to present evidence that any action taken by third-party defendant caused excessively hot water. Third-party plaintiff's expert expressly stated that he did not evaluate the heating system, which was different from the domestic hot water supply system. Although he opined that leaving the domestic hot water supply system in the hands of an inexperienced person, such as third-party defendant, was dangerous and negligent, no evidence was presented that any action by third-party defendant proximately caused plaintiff's injuries or that third-party defendant was responsible for repairs to the domestic hot water supply system (*see LaTronica v F.N.G. Realty Corp.*, 47 AD3d 550, 550-551 [1st Dept 2008]; *Baumgardner*, 35 AD3d at 224-225). Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ. **[Prior Case History: 2013 NY Slip Op 31717(U).]**