Chrin v Gate of Heaven Cemetery (2021 NY Slip Op 00228)





Chrin v Gate of Heaven Cemetery


2021 NY Slip Op 00228


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 153879/17 Appeal No. 12874 Case No. 2020-02960 

[*1]Adam Chrin, Plaintiff-Respondent,
v
Gate of Heaven Cemetery et al., Defendants-Appellants.


Leahey & Johnson, P.C., New York (Christopher Delamere Clarke of counsel), for appellants.
Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 9, 2020, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff testified that he was walking on a grassy hill on defendants' cemetery grounds when his foot became stuck in a hole, and his ankle broke. Defendants failed to establish prima facie either that they did not have constructive notice of the hole (see Barrett v Aero Snow Removal Corp., 167 AD3d 519 [1st Dept 2018]) or that the hole was open and obvious and not inherently dangerous (see Keech v 30 E. 85th St. Co., 173 AD3d 645 [1st Dept 2019]).
With respect to constructive notice, the cemetery superintendent's testimony about inspections of the premises failed to show when the location around the hole was last checked before plaintiff's accident (see Savio v St. Raymond Cemetery, 160 AD3d 602, 603 [1st Dept 2018]). Nor did defendants establish on this motion that the hole was a naturally occurring topographic condition and that they could not have been expected to remedy it (see Weisberg v Town of Wallkill Boys & Girls Club, Inc., 126 AD3d 787 [2d Dept 2015]).
With respect to whether the hole was open and obvious and not inherently dangerous, it is not dispositive whether plaintiff was able to see the condition before the accident occurred (see e.g. Farrugia v 1440 Broadway Assoc, 163 AD3d 452, 453-455 [1st Dept 2018]; see also id. at 457 [Andrias, J., dissenting in part], appeal withdrawn 32 NY3d 1168 [2019]).
Although defendants' failure to make their prima facie showing obviates the need to evaluate plaintiff's opposition, we note that with respect to constructive notice plaintiff testified that he had seen the same hole the week before. Any inconsistencies in his testimony merely present issues of fact as to his credibility (see Cuevas v City of New York, 32 AD3d 372, 373 [1st Dept 2006]).
The court providently exercised its discretion in considering plaintiff's untimely opposition papers, as there was no showing of prejudice, and defendants submitted a reply affirmation addressing plaintiff's arguments on the merits (see Serradilla v Lords Corp., 117 AD3d 648, 649 [1st Dept 2014]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021