| |
|---|
| **McGeehan v 14th St. HK Realty Corp.** |
| 2025 NY Slip Op 32092(U) |
| June 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153055/2023 |
| Judge: Leticia M. Ramirez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LETICIA M. RAMIREZ**                     PART                    29

*Justice*

-----------------------------------------------------------------------------X

THOMAS MCGEEHAN,

| | |
|---|---|
| **INDEX NO.** | 153055/2023 |

Plaintiff,

**MOTION DATE**     02/24/2025

- v -

**MOTION SEQ. NO.**         003

14TH STREET HK REALTY CORP., 14TH STREET REALTY
ASSOCIATES, L.L.C., STELLAR MANAGEMENT INC., QSR
NY LLC, and KFC U.S. PROPERTIES, INC.,

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 62, 63, 64, 65, 66

were read on this motion to/for                              JUDGMENT - SUMMARY                              .

Plaintiff moves pursuant to *CPLR § 3212* for an Order granting him partial summary judgment on the issue of liability against defendants, 14th Street HK Realty Corp. and 14th Street Realty Associates, LLC (hereinafter, "Owner Defendants") and dismissing the defendants' first affirmative defense of comparative fault. Defendants oppose the motion.

Plaintiff commenced this action on April 4, 2023, to recover for personal injuries allegedly sustained when he was caused to trip and fall while traversing the pedestrian sidewalk abutting the Owner Defendants' premises on October 26, 2022. After issue was joined by the defendants on July 20, 2023, plaintiff amended his complaint on July 25, 2023, and the defendants subsequently filed their answers to the amended complaint on October 27, 2023. On March 26, 2024, a preliminary conference was held on this matter, and on March 27th the parties filed a stipulation discontinuing the action against defendant KFC U.S. Properties, Inc. (NYSCEF Doc. #25). After discovery was completed, plaintiff filed the Note of Issue on January 24, 2025 (NYSCEF Doc. #37). Now, plaintiff moves for partial summary judgment on the issue of liability against the Owner Defendants and for an Order dismissing the defendants' first affirmative defense of comparative fault.

## I.        Partial Summary Judgment on the Issue of Liability

Plaintiff argues that partial summary judgment is warranted because the Owner Defendants, as owners of the premises abutting the sidewalk, breached their duty to maintain the sidewalk in a reasonable safe manner as mandated by *§ 7-210* of the Administrative Code of the City of New York. Plaintiff argues that the subject defect that caused plaintiff's accident existed for at least 3.5 years, allotting the Owner Defendants ample time to discover and remedy the condition. Finally, plaintiff argues that there is no issue of material fact that the defective sidewalk was the actual and proximate cause of his fall and his resulting injuries therefrom.

In opposition, the Owner Defendants argue that a genuine issue of material fact exists as to what caused plaintiff's fall. Specifically, the Owner Defendants claim that the emergency room record shows that plaintiff told the admitting physician, Dr. Mark Mikhly, that "for the past couple of months [plaintiff's]

[* 1]

gait ha[d] become less steady as though [plaintiff was] walking on 'sponges', but ha[d] not fallen until today" (NYSCEF Doc. #64, page 7) and therefore it is unclear whether plaintiff's accident was caused by the cracked sidewalk *or* whether plaintiff fell because his gait was increasingly becoming less steady and he lost his balance when he walked on an uneven part of the sidewalk.

Moreover, the Owner Defendants challenge plaintiff's expert's report because it is based on photographs provided by plaintiff's law firm. The Owner Defendants argue that the photographs do not constitute evidentiary proof of plaintiff's accident location because (1) plaintiff's deposition shows that the photographs were not taken at his behest or direction (See Plaintiff's Deposition, NYSCEF Doc. #55, 43:20-45:5) and (2) counsel's affirmation fails to identify who took the photographs and under what circumstances and procedures was the subject crack depicted therein selected. Therefore, the Owner Defendants argue that this demonstrates that, because the expert report is based on photographs provided by plaintiff's law firm and the photographs are questionable, the expert's report is unreliable.

In reply, plaintiff argues that the Owner Defendants have failed to dispute the conclusions of the expert report which states that the defect at issue is a "substantial defect" and that it poses a tripping hazard to pedestrians. Similarly, plaintiff argues that the Owner Defendants have also failed to dispute that they had a duty to maintain the sidewalk in a reasonably safe manner and had constructive notice of the defective sidewalk. Plaintiff lastly argues that this Court should disregard the Owner Defendants' attempt at creating a *shadowy semblance* of an issue of fact as to how plaintiff fell because plaintiff unequivocally identified the sidewalk defect at his deposition and there is no evidence to support any of the Owner Defendants' theories. Moreover, plaintiff argues this Court should disregard all references to the emergency room record because the same has not been authenticated; yet, even if this Court were to consider it, a reading of the entire statement by plaintiff to the physician shows that plaintiff also stated he "[did] not feel his legs were week, numb, or gave out; he sa[id] he tripped over uneven sidewalk," therefore demonstrating that plaintiff did not simply lose balance or collapse on the sidewalk as the Owner Defendants claim.

To prevail on a motion for summary judgment, the moving party must establish its cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in its favor (*Winegard v. New York Univ. Med. Ctf.,* 64 N.Y.2d 861 [1985]; *Zuckerman v. City of New York*, 49 N.Y.2d 557 [1980]). Absent such prima facie showing, the motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hospital*, 68 N.Y.2d 320, 324 [1984]). However, "[o]nce the movant makes the required showing, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact that precludes summary judgment and requires a trial" (*Dallas-Stephenson v. Waisman,* 39 A.D.3d 303, 306 [1st Dept. 2007], citing *Alvarez,* 68 N.Y2d. at 324).

It is well-settled that "[a] landowner must act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." "Generally, constructive notice is found when the alleged dangerous condition is visible, apparent, and exists on defendant's premises for a sufficient period to afford the defendant an opportunity to discovery and remedy it" (*Velocci v. Stop & Shop*, 188 A.D.3d 436, 439, 133 N.Y.S.3d 569 [1st Dept. 2020]). "[C]onstructive notice can also be established by evidence that a recurring dangerous condition existed in the area of the accident that was routinely left unaddressed by the defendant (*Id.*). Lastly, *§ 7-210* of the NYC Administrative Code states that it "shall be the duty of the owner of real property abutting any sidewalk … to maintain such sidewalk in a reasonably safe condition."

Here, plaintiff's deposition taken on June 26, 2024, demonstrates that the accident occurred during the last week of October 2022 at 14th Street and Second Avenue (*Id.,* 16:10-17; 16:25-17:3). Plaintiff recalls that he "tripped over the sidewalk and fell and … broke [his] elbow" (*Id.,* 17:7-10). Plaintiff was carrying

[* 2]

a grocery bag on the left hand and a cane on the right (*Id.,* 18:21-25), and remembered wearing prescription eyeglasses, that the weather was about 70 degrees, and that it was sunny (*Id.,* 20:17-23). The pedestrian traffic was busy on 14th Street, but plaintiff had no problem navigating it (*Id.,* 20:24-21:6).

When asked how the accident occurred, plaintiff stated that "[he] just felt, like, a depression in the street, and [he] must have tripped over the sidewalk there and just went down" (*Id.,* 22:12-20). Plaintiff stated that he tripped over the depression with the right foot (*Id.,* 22:21-23:6). During the deposition, plaintiff was shown 59 pictures which were identified by plaintiff as depicting the location of the accident (See NYSCEF Docs. #56-58 and 60-61). While reviewing the photographs, plaintiff stated that the accident occurred underneath the "K" of the "KFC" sign on the corner of 14th Street and Second Avenue (*Id.,* 31:10-32:6). Plaintiff further stated that the pictures depicted the sidewalk as it existed at the time of the accident (*Id.*, 32:13-24) and that the fall was caused by the sidewalk depression depicted in the photographs (*Id.*, 33:8-21).

In further support of the motion, plaintiff has attached an affirmation, expert report, and Curriculum Vitae by Robert Fuchs, a licensed professional engineer, who was retained by plaintiff's law office to inspect the sidewalk defect that allegedly caused plaintiff's accident (NYSCEF Doc. #59). A review of the affirmation shows that Mr. Fuchs attests to the investigation and findings contained in the report and affirms that the same are true and accurate to the best of his knowledge and to a reasonable degree of engineering and safety certainty (*Id.*, page 1). In turn, the report shows that Mr. Fuchs inspected the public sidewalk on February 14, 2023, and reviewed 59 colored photographs provided by plaintiff's law firm. The report also states that during the inspection Mr. Fuchs found the sidewalk to be:

> "[C]racked, broken-out, and missing material at the corner of the flag at the accident location, thereby creating an irregular shaped cavity along intersecting longitudinal and transverse joints. The cavity has overall dimensions of 5 inches long by 10 ½ inches wide by 7/8 to 1 1/8 inches deep …" (*Id.,* page 2, para. 4).

The report further states that the cavity poses a tripping hazard for pedestrians and falls under the definition of a "substantial defect" as the term is defined by New York City Department of Transportation Highway Rules *§ 2-09(f)(5)* and *§19-152* of the New York City Administrative Code (*Id.*, page 3, para. 5). Finally, the report states that the cavity "had not developed suddenly and w[as] caused by long term deterioration from years of expansion, contraction, and repeated freeze-thaw cycles (*Id.*), is shown on street view images from May 16, 2019, sourced from NYC CylcoMedia (*Id.,* page 3-4, 6(c)), and the failure to maintain the sidewalk is an omission on behalf of the property owners abutting the sidewalk (*Id.,* page 4).

Based upon the papers submitted, the Court finds plaintiff has made a *prima facie* showing of entitlement to summary judgment as a matter of law. As shown above, plaintiff has sufficiently established through deposition testimony and Mr. Fuchs's report that the accident was caused due to the depressed condition shown in the photographs identified by plaintiff. Plaintiff has also demonstrated that the subject depression existed for at least 3.5 years on the sidewalk abutting the Owner Defendants' premises as demonstrated by Mr. Fuchs's report and the historical image contained therein. Finally, the evidence demonstrates that the Owner Defendants not only had the duty under *§ 7-210* of the Administrative Code of the City of New York to maintain the sidewalk in a reasonably safe manner but they failed to discover and remedy the defective condition that caused plaintiff's accident after having constructive notice of it. Therefore, plaintiff's motion for partial summary judgment should be granted.

Regarding the Owner Defendants' arguments in opposition, the Court finds that the Owner Defendants have not raised a genuine issue of material fact to overcome plaintiff's *prima facie* showing. First, the Owner Defendants' argument that plaintiff's emergency room statement raises an issue of fact as to how the fall occurred is unavailing. A review of the complete statement shows that, while plaintiff

153055/2023  MCGEEHAN, THOMAS vs. 14TH STREET HK REALTY CORP. ET AL        Page 3 of 5
Motion No.  003

[* 3]

initially stated that his gait had become less steady as though plaintiff was walking on "sponges" and had not fallen until the date of the accident, plaintiff also stated unequivocally that he did not feel his legs were "weak, numb, or gave out …" and that "he *tripped* over uneven sidewalk" (emphasis added). Therefore, the Owner Defendants' argument that plaintiff could have "collapsed" or "lost his balance" because of plaintiff's gait is refuted by the very record the Owner Defendants rely on.

Finally, the Owner Defendants also fail to successfully challenge the admissibility of the photographs and therefore the reliability of Mr. Fuchs' report. Even though the Owner Defendants are correct in that plaintiff did not know who took the photographs and that the same were not taken at plaintiff's behest or direction (See Plaintiff's Deposition, NYSCEF Doc. #55 at 43:8-19; 44:22-45:5), this is insufficient to challenge the admissibility of the photographs. Specifically, plaintiff properly authenticated the photographs at his deposition by identifying them as depicting the location of the accident, as representing the condition of the sidewalk as it existed at the time of the accident, and as showing the specific depression which caused the accident. Whether the photographs were taken at plaintiff's behest or not does not take away from the fact that plaintiff authenticated them as evidencing the condition of the sidewalk as it existed on the date of the accident and identifying the subject depression that caused the accident (*See Cuevas v. City of New York*, 32 A.D.3d 372, 821 N.Y.S.2d 37 [1st Dept. 2006][plaintiff authenticated the photographs through deposition testimony indicating that the conditions reflected in the photographs were substantially the same as those existing on the night of the occurrence]). Without more, the Owner Defendants' argument is mere speculation as to the origins of the photographs (i.e., that plaintiff just went along with photographs taken from a random sidewalk defect) (*See* Jehovenn Honculada's Affirmation in Opposition at 8-9, para. 20).

Therefore, because the Owner Defendants have failed to produce evidence in admissible form to overcome plaintiff's *prima facie* showing, plaintiff's motion must be granted to the extent it seeks summary judgment on the issue of liability.

## II.  Dismissal of Defendants' First Affirmative Defense

Plaintiff argues that pursuant to *CPLR §§ 3212* and/or *3211(b)* dismissal of defendants' first affirmative defense of comparative fault is warranted because the evidence sufficiently establishes that plaintiff was not comparatively at fault in causing the accident.

In opposition, the Owner Defendants state that there is ample evidence that plaintiff was comparatively negligent in causing the accident. Specifically, the Owner Defendants point to plaintiff's testimony demonstrating that plaintiff was familiar with the location of the accident and that plaintiff would walk it at least three times per month (See Plaintiff's Dep., NYSCEF Doc. #55 at 21:21-22:4). The Owner Defendants also point to the emergency room record which shows that plaintiff was aware that "for the past couple of months [plaintiff's] gait ha[d] become less steady as though [plaintiff was] walking on 'sponges'" and thus plaintiff knew he had to exercise reasonable care while walking, yet plaintiff testified that he rarely looked down on the sidewalk when walking.

In reply, plaintiff argues that he was not required to studiously inspect the sidewalk for defects he may have tripped over and that he did exercise extra caution by walking with a cane due to his unsteady gait.

*CPLR § 1411* states, in relevant part, that "[i]n any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence … shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages."

Here, the Court finds that there is sufficient evidence from which a reasonable jury may find that plaintiff was comparatively negligent in causing the accident. Specifically, during his deposition, plaintiff was asked whether he noticed the condition of the sidewalk before the accident happened, to which he replied, "not really," that he was looking "[s]traight ahead" (*See* plaintiff's Dep., NYSCEF Doc. #55 at 21:10-16). When asked if he was able to notice the surface where his feet would be stepping *when he was looking straight ahead*, plaintiff also stated "[n]ot really, no" (*Id.,* 21:10-16). Therefore, "in light of plaintiff's testimony that [he] did not see the sidewalk because [he] was looking straight ahead, it is for the jury to consider whether plaintiff failed to see the sidewalk defect, thereby contributing to [his] accident" (*Yanky v. 2839 Bainbridge Ave. Assoc. LLC* 234 A.D.3d 583, 227 N.Y.S.3d 18 [1st Dept. 2025]). Hence, that portion of plaintiff's motion which seeks to dismiss defendants' first affirmative defense must be denied.

Accordingly, it is

**ORDERED:** Plaintiff's motion pursuant to *CPLR § 3212* for partial summary judgment on the issue of liability only, against Defendants 14th Street HK Realty Corp. and 14th Street Realty Associates, LLC is granted; and it is further

**ORDERED:** That the portion of plaintiff's motion pursuant to *CPLR § 3211* and/or *3212* which seeks an Order dismissing defendants' first affirmative defense for comparative fault, is denied.

This constitutes the Decision and Order of this Court.

| | |
|---|---|
| **6/ 13/2025** | |
| **DATE** | **LETICIA M. RAMIREZ, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |