OPINION OF THE COURT
Per Curiam.
Order dated November 21, 1995 affirmed, with $10 costs.
Landlord’s holdover petition was dismissed after trial upon Civil Court’s finding that respondent Donald M. Sussis was entitled to succeed to the rent-stabilized tenancy of his deceased brother (Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]). The lease to the decedent, as renewed, contained an enforceable attorneys’ fees provision. In reliance upon Matter of Duell v Condon (84 NY2d 773), respondent seeks to recover his attorneys’ fees pursuant to Real Property Law § 234 as the prevailing party in the eviction proceeding.
We affirm Civil Court’s denial of recovery. In interpreting the holding of the Court of Appeals in Duell (supra), "[W]e must keep in mind that 'opinions must be read in the setting of the particular cases and as the product of preoccupation with their special facts’ ”. (Danann Realty Corp. v Harris, 5 NY2d 317, 322.) Matter of Duell v Condon was a nonprimary residence proceeding commenced against a successor statutory tenant under the rent control laws. An attorneys’ fees provision contained in the 1960 lease to the controlled tenants was carried forward into the statutory tenancy of the tenants’ daughter. Citing the broad definition of "tenant” in the rent control statute as including any person who is entitled to possession, use or occupancy of the apartment premises (see, Administrative Code of City of NY § 26-403 [m]), the Court determined that the successful tenant was entitled to an award of attorneys’ fees under section 234, notwithstanding that she was not a signatory to a lease with the landlord. However, the Court was careful to note the critical distinction between the rent-control and rent-stabilization schemes — namely, that a controlled tenancy exists "by operation of law” whereas a stabilized tenancy "continues to be contractual in nature because the landlord of a rent-stabilized apartment must offer *903 the tenant a renewal lease at the expiration of a term” (Matter of Duell v Condon, supra, at 779).
Under rent stabilization, a regulatory scheme "less onerous” than rent control (see, Sullivan v Brevard Assocs., 66 NY2d 489, 494), the term "tenant” is more narrowly defined to include only "persons named on a lease as lessee or lessees, or who is or are * * * parties to a rental agreement and obligated to pay rent for the use or occupancy of a housing accommodation” (Rent Stabilization Code [9 NYCRR] § 2520.6 [d]; Matter of Duell v Condon, supra, at 781-782). Family members have no right to renew a lease unless the stabilized tenant of record has permanently vacated or died and the family member meets the requisites for succession under the Rent Stabilization Code. At the outset of this proceeding, the respondent was not in privity with the landlord or bound by any lease with the landlord. He was a person claiming rights of succession, and it was only after the adjudication in this very proceeding that he became "entitled to be named as a tenant on [a] renewal lease” (Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1] [emphasis added]).
Section 234 is a reciprocal statute, intended to "level the playing field” (Matter of Duell v Condon, supra, at 780) and to create a mutual obligation where a lease provides for the landlord’s recovery of legal fees incurred as a result of a tenant’s breach of the lease. If landlord had obtained an order of eviction in this proceeding, there would have been no basis— statutory or contractual — to assess attorneys’ fees against the respondent who was never party to a stabilized lease and who would never have attained the status of a tenant (East Four-Forty Assocs. v Ewell, 138 Misc 2d 235, 248; Garay v Blankroth, NYLJ, May 29, 1991, at 21, col 2 [App Term, 1st Dept]; see also, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). A fortiori, since section 234 is not triggered, there is no basis for an award of counsel fees in respondent’s favor.
Ostrau, P. J., McCooe and Davis, JJ., concur.