OPINION OF THE COURT
Per Curiam.
Order entered October 7, 1996 affirmed, with $10 costs.
After prevailing in this court on his succession claim for possession of the rent-controlled apartment premises (Classic Props. v Martinez, 168 Misc 2d 514), respondent was granted attorney’s fees in Civil Court. We conclude that affirmance is mandated upon the authority of Matter of Duell v Condon (84 NY2d 773, 784), where the Court of Appeals determined that "Real Property Law § 234 applies to a statutory tenant under the rent control law even if not a signatory to the lease” (emphasis supplied). Although Duell was decided in a somewhat different factual context, its core legal holding derives from the broad definition of a "tenant” under rent control as "any person who is entitled to possession, use or occupancy of the premises” (Duell v Condon, supra, at 782). Included within this category are those succeeding to the controlled tenancy (see, 9 NYCRR 2204.6 [d]), such as respondent, who are entitled to invoke section 234 if their predecessors executed a lease containing an attorney’s fees provision.
Landlord’s argument that lack of mutuality is a bar to respondent’s recovery of legal fees is unpersuasive since landlord could have joined the estate of the deceased tenant in this proceeding and, if successful, obtained an award of attorney’s fees against that entity (see also, Greenberg v Coronet Props. Co., 167 AD2d 291 [landlord granted attorney’s fees directly against party who failed to establish succession claim]). Reliance upon our decision in 245 Realty Assocs. v Sussis (170 Misc 2d 901) is also misplaced. The denial of attorney’s fees to the prevailing successor in that case was premised upon the contractual nature of the rent stabilization scheme, which more narrowly defines the term "tenant” as persons named on a lease as lessees.
Ostrau, P. J., Freedman and Davis, JJ., concur.