*8 OPINION OF THE COURT
Per Curiam.
Final judgment, entered March 15, 2005, reversed, with $30 costs, final judgment awarded to petitioner upon its cause of action for possession and matter remitted to Civil Court for calculation of the amount of use and occupation due petitioner. Issuance of the warrant of eviction shall be stayed for 30 days from the service of a copy of this order with notice of entry.
At issue in this holdover summary proceeding is whether respondent Fratto is entitled to succeed to the rent-stabilized tenancy of his former girlfriend, tenant Anvar.* The relevant trial evidence, including the proof offered by respondent, showed that although tenant and respondent may have lived together in the subject West 55th Street apartment in a “spousal-type” relationship at the inception of the tenancy in May 1995 and for several years thereafter, the relationship eventually became “strained,” with the couple “mutual[ly]” deciding to separate in 2001. “[N]eed[ing] to get away from New York,” tenant began visiting California on a “steady” basis in 1999 and “very gradually” moved to West Hollywood between 2001 and 2002. Despite her relocation and the “ dramatic [ ] change [ ]” in her once intimate relationship with respondent, tenant continued to spend several months a year in New York and, while here, stayed in the subject apartment (among other places) through at least the early part of 2004. In March of that year, after the expiration of her last renewal lease, tenant wrote a letter on respondent’s behalf, addressed “To Whom It May Concern,” indicating “that she was relinquishing]” and “surrender[ing] all rights” to the apartment.
Respondent’s succession claim must fail on the uncontroverted facts summarized above. Although tenant’s presence in and use of the apartment premises diminished substantially over the years, no reasonable view of the evidence can support a finding that tenant permanently vacated the premises until, at the earliest, March 2004, when she “attest[ed]” in writing that she was “surrendering” her rights to the apartment. In these circumstances, and considering that tenant and respondent admittedly had “broken up” by 2001, there is simply no basis in the record to conclude that respondent resided with the tenant in the apartment or maintained a family-type relationship with *9 her for the two-year period immediately preceding the tenant’s permanent vacatur (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]; 245 Realty Assoc. v Sussis, 243 AD2d 29 [1998]; Metropolitan Life Ins. Co. v Butler, 2002 NY Slip Op 50014[U] [2002]).
Our authority to review the record developed at the non-jury trial and render the judgment warranted by the facts is as broad as that of the trial court (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Exercising that authority here, we award petitioner final judgment upon its possessory cause of action. With respect to attorney’s fees, we note that since respondent was not a signatory to the governing lease agreement, he is not bound by the attorney’s fees provision set forth in lease paragraph 20 (see East Four-Forty Assoc. v Ewell, 138 Misc 2d 235, 248 [1988]; see also 245 Realty Assoc. v Sussis, 243 AD2d 29 [1998], supra).
Davis, J.E, and Schoenfeld, J., concur.

 Tenant, while defaulting on the petition, was called to testify at trial by respondent.