OPINION OF THE COURT
Per Curiam.
Order, dated December 6, 2010, affirmed, without costs.
Having prevailed on his succession defense in the within October 2008 licensee holdover proceeding, the first-named respondent is entitled to recover attorneys’ fees pursuant to the initial stabilized lease agreement and the reciprocal provisions of Real Property Law § 234. The relevant attorneys’ fee clause, found in paragraph 7 of the 1972 lease agreement between the predecessor building owner and the record tenant (respondent’s mother), was expressly made applicable, together with the remaining lease provisions, to successors in interest of the original signatories to the lease. The provisions of paragraph 7 authorize landlord, in the event of a lease default by tenant, to reenter the demised premises “with or without the means of summary proceedings,” relet the premises, and “pay to itself the expense and cost of retaking [and] repossessing,” including reasonable attorney fees, with tenant agreeing to pay and *22 “remain[ing] liable for any such deficiency.” While judicial interpretation of similarly worded lease provisions has a long and variegated history (see Matter of Casamento v Juaregui, 88 AD3d 345, 356-361 [2011]), the law now appears settled that the type of lease clause here at issue is sufficiently broad “to trigger the implied covenant in the tenant’s favor pursuant to [Real Property Law § ] 234” (id. at 362; see Katz Park Ave. Corp. v Jagger, 98 AD3d 921, 921-922 [2012]). Applying the valid attorneys’ fee provision in favor of respondent, a successor tenant (see 245 Realty Assoc. v Sussis, 243 AD2d 29 [1998]), we sustain the grant of his motion for attorneys’ fees incurred in the successful defense of the within petition.
Turning to respondent’s cross appeal, we find the limited record now before us insufficient to permit an informed determination of that branch of respondent’s application which sought counsel fees incurred by him in defending the prior (2004) “summary” eviction proceeding brought by petitioner — a proceeding ultimately dismissed in May 2008 based upon petitioner’s “abandonment.” It is notable in this connection that respondent’s rights as a successor tenant, including any right to recover attorneys’ fees, “logically must relate back to the date creating his statutory rights, the [permanent vacatur] of the tenant of record” (245 Realty Assoc. v Sussis, 243 AD2d at 33), a date which is indeterminable on the record at hand. Contrary to the view expressed below, respondent is not presently barred by the splitting doctrine from asserting a claim for counsel fees expended in the prior dispossess proceeding, where the ultimate outcome of the succession issue common to both proceedings was not reached in the earlier case and any attorneys’ fee application therein by respondent would have been premature (see Elkins v Cinera Realty, 61 AD2d 828 [1978]; cf. O’Connell v 1205-15 First Ave. Assoc., LLC, 28 AD3d 233 [2006]). Given the incomplete state of the record, we affirm the denial of respondent’s attorneys’ fees motion relating to the prior proceeding, albeit without prejudice to renewal on remand.
Lowe, III, P.J., Schoenfeld and Hunter, Jr., JJ., concur.