OPINION OF THE COURT
Memorandum.
Ordered that the amended judgment is modified by increasing the award in favor of occupant Janice Newberry to the principal sum of $24,295; as so modified, the amended judgment is affirmed, without costs.
In March 2008, landlord commenced this licensee summary proceeding (see RPAPL 713 [7]) to recover possession of a rent-stabilized apartment. Occupant, the daughter of the deceased tenant of record, answered, asserting a defense of succession rights, as well as a claim for attorney’s fees pursuant to Real Property Law § 234. Motion practice and discovery ensued. In December 2009, occupant moved to dismiss the proceeding as abandoned. By order dated March 23, 2010, the Civil Court, among other things, dismissed the proceeding, purportedly pursuant to Uniform Civil Rules for New York City Civil Court (22 NYCRR) § 208.14 (c) (but see Chavez v 407 Seventh Ave. Corp., 39 AD3d 454 [2007] [22 NYCRR 208.14 does not authorize the Civil Court to dismiss a proceeding as abandoned]), found that occupant, as the prevailing party, is entitled to attorney’s fees pursuant to Real Property Law § 234, and set the matter down for a hearing to determine the amount thereof. Landlord did not appeal from that order. Following the hearing, at which occupant sought $43,602.02 in attorney’s fees, plus additional fees for the legal services expended on the three-day hearing, the court held that, pursuant to the terms of the lease, landlord had a contractual right to recover only $200 as reasonable attorney’s fees and, therefore, occupant was entitled to attorney’s fees “not in excess of $200.” The court noted that, but for the limiting lease clause, occupant had established reasonable attorney’s fees in the sum of $24,295.
On appeal, occupant contends that she should have been awarded the sum of $56,884.52 in attorney’s fees (consisting of *52 $43,602.02 in fees for the services rendered in connection with the holdover proceeding plus $13,282.50 in fees for the services rendered in connection with the hearing), as well as interest thereon pursuant to CPLR 5001 (a).
Real Property Law § 234 allows a prevailing residential tenant to recover attorney’s fees if the tenant’s lease provides that the landlord may recover attorney’s fees in litigation resulting from the tenant’s breach of the lease. The relevant provisions of the lease in the case at bar state as follows:
“The parties hereto for themselves, their heirs, . . . successors, and assigns, covenant [and] agree as follows:
“Twenty Sixth ... If Tenant fails to perform any covenant or agreement contained in the lease, and as a result thereof the Landlord commences an action or summary proceeding against the Tenant, Tenant agrees to pay to the Landlord as additional rent on the first day of the month following the incurrence thereof the reasonable attorney’s fees and/or expenses incurred by the Landlord in any such action or proceeding and Tenant agrees that any sum so incurred, not in excess of $200, shall be deemed reasonable.”
It is noted that the lease not only contains an attorney’s fees provision, it also states that a successor in interest is bound by the provisions therein (see 245 Realty Assoc. v Sussis, 243 AD2d 29, 33-34 [1998]; 354 E. 66th St. Realty Corp. v Curry, 40 Misc 3d 20, 21 [App Term, 1st Dept 2013]).
A review of paragraph 26 of the lease indicates that it is sufficiently broad to trigger the implied covenant of Real Property Law § 234 in the tenant’s favor, inasmuch as it permits landlord to recover attorney’s fees incurred in litigation caused by the tenant’s breach of the lease (see Katz Park Ave. Corp. v Jagger, 98 AD3d 921, 922 [2012]; Matter of Casamento v Juaregui, 88 AD3d 345, 362 [2011]; 354 E. 66th St. Realty Corp. v Curry, 40 Misc 3d at 22). As the lease covenants run in favor of successors, occupant, as the tenant’s successor, is entitled to recover attorney’s fees (see 245 Realty Assoc., 243 AD2d at 35-36; Classic Props. v Martinez, 173 Misc 2d 556 [App Term, 1st Dept 1997]).
Paragraph 26 of the lease states that attorney’s fees “not in excess of $200, shall be deemed reasonable,” which means only that the reasonableness of $200 or less in attorney’s fees need *53 not be otherwise determined, but that if landlord seeks attorney’s fees in an amount greater than $200, that amount will be allowed only if it is determined to be reasonable. Consequently, based on the record before us, occupant, as the prevailing party, is entitled to an award of reasonable attorney’s fees in an amount greater than $200. The Civil Court found that occupant had incurred reasonable attorney’s fees in the amount of $24,295.
We note that the subject lease does not contain “language expressly providing for an award of fees on fees, or any reference to fees incurred to recover counsel fees . . . [and] a right to recover those fees should not be implied” (IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643 [2014]). Therefore, occupant is not entitled to recover attorney’s fees for the services rendered in connection with the hearing.
Moreover, occupant, as the prevailing party entitled to recover attorney’s fees, is also entitled to recover interest on those fees (see Nestor v Britt, 270 AD2d 192, 193 [2000]; Solow v Wellner, 205 AD2d 339 [1994]).
Occupant’s remaining contentions lack merit or are unpreserved for appellate review.
Accordingly, the amended judgment is modified by increasing the award in favor of occupant Janice Newberry to the principal sum of $24,295 plus interest.
Weston, J.P., Aliotta and Elliot, JJ., concur.