375 New York HDFC, Petitioner-Landlord-Appellant,
against
Viola Jones, Respondent-Tenant-Respondent.



Landlord appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered on or about April 2, 2015, after nonjury trial on stipulated facts, in favor of tenant dismissing the petition in a holdover summary proceeding, (2) an order (same court and Judge), dated April 2, 2015, which, upon reargument, granted tenant's motion to amend her answer to interpose a counterclaim for attorneys' fees, (3) an order (same court and Judge), entered May 13, 2015, which granted tenant's motion for attorneys' fees and set the matter down for a hearing to determine the reasonable value of such fees, and (4) a judgment (same court and Judge), entered June 24, 2015, which, after a hearing, awarded tenant attorneys' fees in the principal sum of $30,830.94.




Per Curiam.
Final judgment and judgment (Sabrina B. Kraus, J.), entered, respectively, on or about April 2, 2015 and June 24, 2015, affirmed, with one bill of $25 costs. Appeals from orders (Sabrina B. Kraus, J.), dated April 2, 2015 and May 13, 2015, dismissed, without costs, as subsumed in the appeal from the aforesaid judgments.
The documents submitted to the Attorney General's Office in support of the request for a "no-action" letter (see 13 NYCRR 18.9), contained express representations that the plan to convert the building to cooperative ownership is "treated as [a] non-eviction plan[]" and that non-purchasing tenants would "not be required to vacate their apartment and will remain as rent-stabilized residents with all applicable rights and protections under the Rent Stabilization Law of 1969." Inasmuch as tenant, who occupied the premises for nearly 30 years and before the conversion, declined the purchase option, her tenancy remains subject to rent stabilization (see 40 Downing St. Hous. Dev. Fund. Corp., NYLJ, April 3, 1995, at 28, col 3 [App Term, 1st Dept]; see also Matter of 160 Bleecker St. Owners, Inc. v Division of Hous. & Community Renewal, 27 AD3d 369 [2006]). 
546 W. 156th St. HDFC v Smalls, 43 AD3d 7 (2007), relied upon by landlord, is distinguishable, since the issue in that case was whether a stipulation could confer rent stabilized status on an exempt apartment. 512 E. 11th St. HDFC v Grimmet, 181 AD2d 488 [1992], appeal dismissed 80 NY2d 892 [1992]), where the conversion was pursuant to an "eviction plan" [*2](General Business Law § 352-eeee[1][c]) is also distinguishable.
In view of our disposition, we need not pass upon tenant's alternate basis for rent stabilization coverage.
Having prevailed in this proceeding, tenant was entitled to recover attorneys' fees pursuant to paragraph 8 of the 2002 rent stabilized lease agreement and the reciprocity provisions of Real Property Law § 234 (see 354 E. 66th St. Realty Corp. v Curry, 40 Misc 3d 20 [2013]). We note that landlord does not challenge the reasonableness of attorneys' fee award.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 17, 2016