530 Second Avenue Co., LLC, Petitioner-Landlord-Appellant, 
against
Lillian Zenker, Respondent-Tenant-Respondent.




Landlord appeals from an order of the Civil Court of the City of New York, New York County, (Michelle D. Schreiber, J.), dated June 5, 2019, which granted respondent's motion to restore the proceeding for a hearing to determine her reasonable attorneys' fees in a holdover summary proceeding.




Per Curiam.
Order (Michelle D. Schreiber, J.), dated June 5, 2019, reversed, with $10 costs, and respondent's motion for attorneys' fees is denied.
After prevailing on her succession defense for possession of the rent stabilized apartment premises (see Matter of 530 Second Ave. Co., LLC v Zenker, 160 AD3d 160 [2018]), respondent Zenker moved for attorneys' fees. Landlord opposed the motion. Although landlord did not dispute that respondent was the prevailing party and the deceased tenant's lease contained a provision entitling landlord to legal fees, landlord argued that respondent was not entitled to legal fees because the deceased tenant's lease did not contain any provision making it binding on successors, such as respondent. 
The motion court granted respondent's motion and concluded that she was entitled to legal fees pursuant to RPL § 234. The court held that since respondent was entitled to a renewal lease (see Rent Stabilization Code [RSC] [9 NYCRR] § 2523.5[b][1]), which must be on the same terms as the expired lease (see RSC § 2522.5[g][1]), she is entitled to attorneys' fees.
On landlord's appeal, we reverse and deny respondent's motion. In order for the tenant to be eligible for attorneys' fees pursuant to RPL § 234,
"the parties' lease must permit the landlord, in any action or summary proceeding, to recover attorneys' fees as a result of the tenant's breach. Where a lease so provides, the court must interpret the lease to similarly permit the tenant to seek fees incurred as a [*2]result of the landlord's breach or the tenant's successful defense of a proceeding by the landlord"
(Graham Ct. Owners Corp. v Taylor, 24 NY3d 742, 747 [2015]). In this case, respondent predicates her right to recover attorneys' fees upon paragraph 19 of the 1969 lease agreement between landlord and the now-deceased tenant, as renewed, and the reciprocal provisions of Real Property Law [RPL] § 234. However, respondent derived no rights or obligations from the 1969 lease to which she was not a party and did not sign. In this regard, respondent is not a "tenant" under the deceased tenant's lease as such is defined in the Rent Stabilization Code, which correlates that status with the persons named on a lease or parties to a rental agreement (see RSC § 2520.6[d]). Instead, respondent's status at all relevant times is that of "successor-in-interest" to the deceased tenant (see 245 Realty Assoc. v Sussis, 243 AD2d 29, 35 [1998] ["occupant's right, created by statute and ratified by the court, to be offered the lease makes the occupant a successor-in-interest to the tenant, and ... this successor status relates back to the time of death of the tenant of record."]).
However, unlike respondent's right to succession, which arose by statute, her right to attorneys' fees
arose under the lease. Therefore, unless the deceased tenant's lease specifically contemplated the extension of benefits to a successor-in-interest, such as respondent, she cannot rely upon the lease as a basis for attorneys' fees. As a general rule, attorneys' fees may not be recovered by the prevailing party from the loser, unless authorized by
agreement between the parties or by statute or court rule (see Congel v Malfitano, 31 NY3d 272, 291 [2018]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]).
In Sussis, the Appellate Division granted the successor's application for attorneys' fees, because the lease at issue specifically contained a provision making it binding on those who succeed to the interests of tenant. As that court explained,
"Since the lease agreement was binding upon and benefited successors-in-interest, and Donald Sussis was a successor-in-interest to the tenant of record by operation of law, the clause of the lease granting him all rights under the lease, including recovery of attorneys' fees to the extent authorized by Real Property Law § 234, was operative"
(245 Realty Assoc. v Sussis, 243 AD2d at 33; see Queens Fresh Meadows, LLC v Newberry, 46 Misc 3d 50, 52 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; 354 E. 66th St. Realty Corp. v Curry, 40 Misc 3d 20, 21 [App Term, 1st Dept 2013]; Fisher v Bandler, NYLJ, July 13, 1998, at 28, col 6 [App Term, 1st Dept 1998] ["[s]ince the deceased tenant's lease, as renewed, contained an attorney's fees provision ... and since the lease terms were made binding upon successors ... respondent is entitled to recover her reasonable attorney's fees as the prevailing party in the holdover proceeding" [emphasis added]).
However, unlike the lease at issue in Sussis, the deceased tenant's lease contained no similar provision making it binding on those who succeed to the rights of the tenant. Therefore, respondent, who was neither a tenant under a lease, nor a person upon whom the lease was binding, may not rely upon this lease as a basis for a legal fee award (see e.g. 360 W. 55th St. L.P. v Anvar, 13 Misc 3d 7, 9 [App Term, 1st Dept 2006]; East Four-Forty Assoc. v Ewell, 138 Misc [*3]2d 235, 248 [App Term, 1st Dept 1988]; see also Rivertower Assoc. v. Chalfen, 167 AD2d 309 [1990])
Nor can respondent rely on the legal fee provision contained in the lease which landlord tendered after she prevailed on her succession defense, since, among other reasons, respondent concedes in her brief that she has not executed that lease.
Respondent's claim, made for the first time on appeal, that the apartment is subject to rent control and that she is therefore entitled to attorneys' fees pursuant to the broad definition of tenant under rent control (see Matter of Duell v Condon, 84 NY2d 773 [1995]), is unavailing (see Matter of Olszewski v Commissioner of NY State Div. of Hous. & Community Renewal, 277 AD2d 386 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 4, 2020