OPINION OF THE COURT
Per Curiam.
Order entered February 22, 1995 reversed, with $10 costs, respondents’ cross motion for summary judgment dismissing the petition is granted, and landlord’s motion for leave to conduct disclosure and to strike the jury demand is denied as moot.
The submission below demonstrates beyond factual dispute the existence of a long-term (24 years), committed family-type relationship between respondent Martinez and the deceased rent-controlled tenant, entitling respondent to eviction protection under the succession regulations (9 NYCRR 2204.6 [d] [3]). The evidence, including photographs and intimate correspondence, depicts their joint celebration of holidays and family functions, as well as world travel, over a period in excess of 20 years. Numerous affidavits from friends who attended social functions with respondent and the tenant attest to the close nature of their relationship, and how they held themselves out as a couple and were treated as such in the community.[1]
In addition to these factors, the documentary evidence shows that respondent was authorized to use the credit cards of the tenant; that respondent and the tenant named each other as principal beneficiaries and alternate executors in their respective wills; and that respondent was the sole beneficiary on six life insurance policies purchased by the tenant. Respondent and the tenant also executed a City of New York Affidavit of Domestic Partnership, in which they affirmed their "close and committed personal relationship” as members of a domestic partnership. This formalizing of legal obligations and responsibilities is persuasive evidence of family member status (9 NYCRR 2204.6 [d] [3] [i] [e]).
In denying summary judgment, Civil Court acknowledged that respondent’s submission was "substantial”, but relied *516 upon the failure to present proof of a joint bank account with the tenant. Under the regulations, however, "no single factor shall be solely determinative” (22 NYCRR 2204.6 [d] [3] [i]); it is the totality of the relationship which controls (Braschi v Stahl Assocs. Co., 74 NY2d 201, 213). The voluminous objective evidence produced by the respondent, which was not meaningfully opposed by landlord, warrants judgment in respondent’s favor. It is conclusively established on this record that the deceased tenant and respondent were not mere roommates or business associates,[2] but two adult lifetime partners who resided together in a household "having all of the normal familial characteristics” (Braschi v Stahl Assocs. Co., supra, at 211). Since respondent has proven his right to continued occupancy as a family member, the holdover petition must be dismissed.
Parness, J. P., McCooe and Freedman, JJ., concur.

. Included in this material is an affidavit submitted by a Judge of the United States Court of Appeals, Second Circuit.

. Landlord’s suggestion that the relationship was only that of employer-employee is refuted by, inter alla, the decedent’s will, in which specific bequests were made to named individuals "in my employ at the time of my death”. Significantly, this language was not employed in describing the bequest to respondent, "my friend Mario Martinez”.