■ DORIS JOHNSON et al., Respondents, v MARTIN I. POLLACK, Appellant, et al., Defendant. [690 NYS2d 691] —In an action, *inter alia*, to recover damages for medical malpractice, etc., the defendant Martin I. Pollack M.D., d/b/a Richmond Physicians Services, P. C., appeals from (1) an order of the Supreme Court, Richmond County (SanGiorgio, J), entered January 30, 1998, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and (2), as limited by his brief, from so much of an order of the same court, dated November 13, 1998, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered January 30, 1998, is dismissed, without costs or disbursements, as that order was superseded by the order dated November 13, 1998, made upon reargument; and it is further,

Ordered that the order dated November 13, 1998, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that hearsay testimony which violates the Dead Man's Statute (CPLR 4519) may be admitted for the purpose of opposing a motion for summary judgment (*see, Silvestri v Iannone,* 261 AD2d 387; *Friedman v Sills,* 112 AD2d 343, 344). Based on such testimony and other evidence, the Supreme Court properly determined that issues of fact existed as to whether the decedent complained to the appellant about back pain, whether electrocardiograms were a routine part of annual examinations of the decedent or were performed as a result of such complaints, and whether the appellant examined the decedent competently.

Although the Supreme Court erred in taking judicial notice of an excerpt from a treatise which may or may not be applicable to this case, upon granting reargument, it properly adhered to its prior determination in light of the aforementioned issues of fact. S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.