■ Franklin Narvaez, Appellant, v NYRAC, Respondent, et al., Defendants. [737 NYS2d 76] —Judgment, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about August 29, 2000, which, upon the prior grant of defendant's motion for reargument and renewal, and, thereupon, the grant of defendant's previously denied motion for summary judgment, dismissed the complaint, unanimously affirmed, without costs.

Reargument and renewal of defendant's previously denied summary judgment motion were properly granted in view of the new matter, unavailable at the time of the original motion, submitted by defendant (*see, Foley v Roche,* 68 AD2d 558, 567-568). On reargument and renewal, defendant established, without contradiction, that the color of the only vehicle it owned bearing a license plate possibly matching the plate of the hit-and-run vehicle that allegedly struck plaintiff was white. This circumstance was of exculpatory significance for defendant since plaintiff unequivocally testified that the color of the offending vehicle was red or burgundy. The court's prior decision relied upon the license plate number entry in the police report of the accident. However, the reporting police officer did not witness the accident. Rather, the plate number of the offending vehicle was purportedly jotted down by an unidentified witness to the accident under no duty to report on the accident, and thereafter transcribed by the police officer in his accident report (*see, Conners v Duck's Cesspool Serv.,* 144 AD2d 329). While hearsay evidence may be utilized in opposition to a

motion for summary judgment, such evidence is insufficient to warrant denial of summary judgment where it is the only evidence upon which the opposition to summary judgment is predicated (*see, Guzman v L.M.P. Realty Corp.*, 262 AD2d 99; *Koren v Weihs*, 201 AD2d 268, 269). Inasmuch, then, as the only evidence submitted possibly linking defendant to the alleged accident was the hearsay report of the offending vehicle's license plate number, such evidence was inadequate in opposition to defendant's summary judgment motion and, in the demonstrated absence of any admissible evidence linking defendant and the vehicle involved in plaintiff's accident, the grant of defendant's summary judgment motion was mandated (*see, Thomas v Our Lady of Mercy Med. Ctr.*, 289 AD2d 37). Concur—Williams, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.