■ JUDITH D. ARNOLD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (And a Third-Party Action.) [745 NYS2d 26] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered November 23, 2001, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

In this personal injury action, plaintiff alleged that she tripped on broken floor tiles in the apartment of a friend, Bobbie Bowles, the tenant of record of defendant New York City Housing Authority (NYCHA). Claiming lack of actual or constructive notice of a tile defect, NYCHA moved for summary judgment relying, in part, upon testimony of a maintenance worker who said that he had been in the Bowles apartment "maybe five times" prior to the date of the accident, did not see any broken tiles and Bowles had not complained about any such defect. To establish a prima facie case for a dangerous condition, the plaintiff must prove that defendant either created or had notice of the condition (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670). Where, as here, there is no allegation that defendant created such condition, there must be proof in admissible form that defendant had constructive notice of a defect which "must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837). NYCHA satisfied its burden of establishing a lack of constructive notice through the testimony of the maintenance worker, and through the affidavit from the building's housing assistant that there was no record in the file of any complaints

regarding broken tiles on or before the date of the accident. The burden then shifted to plaintiff, who merely submitted hearsay statements of Bowles to plaintiff as recounted in plaintiff's deposition and to plaintiff's attorney as reiterated in his affirmation. Although hearsay evidence may be considered in opposition to a motion for summary judgment, it is insufficient to bar summary judgment if it is the only evidence submitted (*Narvaez v NYRAC*, 290 AD2d 400, 400-401; *see, Guzman v L.M.P. Realty Corp.*, 262 AD2d 99, 100; *Thomas v Our Lady of Mercy Med. Ctr.*, 289 AD2d 37, 38). Furthermore, the possibility of Bowles, now a nonresident of the state, appearing at trial to give testimony in admissible form is now foreclosed by a separate preclusion order. Concur—Tom, J.P., Buckley, Ellerin and Wallach, JJ.