■ CARMEN RODRIGUEZ, Respondent, v SIXTH PRESIDENT, INC., Appellant. [771 NYS2d 368]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated February 3, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's mother, Cecelia Hernandez, allegedly fell and injured herself in August 1997 due to a broken floor tile in the hallway of an apartment building owned by the defendant. Hernandez commenced this action against the defendant in 1998 but she died several months later, before she could be deposed.

"To impose liability on a defendant for a slip and fall on an allegedly dangerous condition on a floor, there must be evidence that the dangerous condition existed, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time" (*Moody v F.W. Woolworth Co.*, 288 AD2d 446 [2001]; *see also Bonilla v Starrett City at Spring Cr.*, 270 AD2d 377 [2000]).

The defendant established its prima facie entitlement to summary judgment by demonstrating, inter alia, that the plaintiff had no personal knowledge as to the cause of Hernandez' accident and that the allegation regarding a broken floor tile was based entirely on hearsay (*see Moody v F.W. Woolworth Co., supra*).

In opposition to the motion, the plaintiff offered the affidavit of an investigator, who worked for her attorney, regarding his conversation with Hernandez two weeks after the accident about the cause of her fall. "Although hearsay evidence may be considered in opposition to a motion for summary judgment, it is insufficient to bar summary judgment if it is the only evidence submitted" (*Arnold v New York City Hous. Auth.*, 296 AD2d 355, 356 [2002]; *see Phillips v Kantor & Co.*, 31 NY2d 307 [1972]; *Johnson v Pollack*, 261 AD2d 585 [1999]). Since the plaintiff offered no evidence other than hearsay to support her allegation that a broken tile caused Hernandez' accident, she failed to present admissible evidence sufficient to raise a triable issue of fact, and summary judgment should have been granted to the defendant (*see Tomol v Sbarro, Inc.*, 306 AD2d 461 [2003]; *Leary v North Shore Univ. Hosp.*, 218 AD2d 686 [1995]; *see also Arnold v New York City Hous. Auth., supra*).

In view of our determination, we need not reach the defendant's remaining contentions. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.