*431 OPINION OF THE COURT
Maria Milin, J.
In this holdover proceeding to recover a rent-stabilized apartment on the ground that respondent does not maintain the apartment as her primary residence, petitioner moves for an order pursuant to CPLR 408 and 3102 (a) granting petitioner leave to take respondent’s deposition and require production of documents as well as payment of use and occupancy pendente lite at the rate of $2,038.44 per month. Petitioner also seeks to strike respondent’s counterclaim for legal fees. Respondent opposes and moves for an order pursuant to CPLR 3212 for summary judgment dismissing the petition, or, in the alternative, for an order pursuant to CPLR 3025 (b) granting respondent leave to amend her answer. Respondent has withdrawn her application to serve a late jury demand. Based on the discussion below, respondent’s cross motion for summary judgment is granted; petitioner’s motion for discovery, payment of use and occupancy and to strike respondent’s counterclaim is denied.
Petitioner contends respondent is residing with her husband at 89-46 219th Street in Queens Village instead of at the subject premises, 31 East 31st Street in Manhattan. Respondent claims that the subject premises is her primary residence where she resides during the week, and that she stays with her husband in Queens Village on weekends.
In the rider to the notice of nonrenewal of lease, termination of tenancy and landlord’s intention to recover possession, dated May 29, 2003, petitioner asserts that respondent failed to occupy the premises as her primary place of residence in that she has not maintained an ongoing, substantial nexus with the premises for actual living purposes, has failed to spend more than 183 days out of the preceding year residing at the subject premises, and, upon information and belief, has failed to utilize the subject premises as her nexus for payment of New York City resident taxes or otherwise. In the rider to the notice, petitioner specifically asserts that respondent’s husband holds title to a home in Queens Village, a telephone answering machine at that premises provides for a message to be left for respondent, that upon information and belief respondent receives mail at the Queens Village house as well as at an address in Matawan, New Jersey, and that respondent does not utilize the subject premises in an everyday manner as one would expect if she were utilizing the subject premises as her primary residence.
In support of these claims and its motion, petitioner has submitted an affidavit from Debbie Sabatino, property manager *432 of 31 East 31st Street. Ms. Sabatino asserts she is fully familiar with the facts and circumstances of the instant matter to the extent as set forth in her affidavit below. Her affidavit provides, in pertinent part,
“10. Prior to the commencement of the instant proceeding it came to Petitioner’s attention that Respondent, Adrienne Buffaloe, was no longer occupying the subject premises as her primary residence. I came to this conclusion based upon the fact that the building personnel had mentioned that they had not seen Respondent at the subject premises on a consistent basis, for many months.
“11. Additionally, Petitioner discovered evidence that Ms. Buffaloe was residing with her husband, at 89-46 219th Street, Queens Village, New York 11427.
“12. Petitioner also uncovered the fact that Respondent’s husband was the deed holder for the alternate premises; that Respondent receives mail at the alternate premises and has phone service, including an answering machine identifying her name, at the alternate premises.”
Petitioner does not provide an affidavit from any of the above building personnel who had mentioned to Ms. Sabatino that they had not seen respondent on a consistent basis for many months. Petitioner does not identify the name, job title or working hours of such employees. Petitioner does not explain what those employees mean when they mention that respondent has not been seen on a consistent basis, nor does petitioner identify for which months respondent was not consistently seen at the premises. Aside from the fact that respondent’s husband owns a house in Queens Village, where respondent may receive mail and telephone calls, petitioner does not identify the evidence it discovered which shows that Ms. Buffaloe was residing with her husband, and what petitioner meant by “residing.”
In contrast, respondent’s motion for summary judgment is well documented. Respondent married Mario Sprouse, her third husband, in July 1999, as evidenced by a copy of the marriage certificate. Mr. Sprouse had purchased the house at 89-46 219th Street, Queens Village, with his second wife in June 1982, and a copy of the deed has been provided. A copy of a statement from Wells Fargo Bank dated October 2003 shows that mortgage payments on the house were due from Mario and Angela Sprouse, thus supporting respondent’s claim that she does not own the *433 house in Queens Village nor is a party to the mortgage on that property. According to a copy of the divorce judgment dated July 1998, which incorporated the separation agreement between Mario and Angela Sprouse, the house at 89-46 219th Street became the sole property of Mario Sprouse. Copies of Mr. Sprouse’s 2001 and 2002 state income tax returns show that he filed separately as married from his Queen Village address. Respondent has provided copies of utility bills addressed solely to Mario Sprouse at 89-46 219th Street from Consolidated Edison from February 2000 to November 2003; copies of telephone bills from Bell Atlantic from January 2000 to August 2000, from Verizon from August 2000 to October 2000 and from AT&T from October 2000 to September 2003; and copies of cable bills from Time Warner from February 1999 to April 2003. A copy of Mr. Sprouse’s automobile registration lists his address as 89-46 219th Street in Queens Village.
According to Mr. Sprouse’s affidavit, he resides primarily at 89-46 219th Street, Queens Village, and respondent does not have an ownership interest in this house, nor is she a party to the mortgage. Mr. Sprouse asserts that he and respondent maintain a substantial degree of separateness in their lives, and he has never been a party to respondent’s lease for the subject premises. Mr. Sprouse’s affidavit also provides that generally the respondent stays in her apartment on weekdays and joins him in Queens Village on weekends, and almost all her personal possessions and clothing are kept at her Manhattan apartment.
Respondent has provided copies of her New York State and New York City income tax returns for 2001 and 2002, which show she filed separately as married from the subject premises at 31 East 31st Street. Respondent has provided copies of her W-2 forms for 2001 and 2002 sent to her at 31st Street. Respondent’s driver’s license, which has her address of 31 East 31st Street, was issued for the time period October 24, 2000 through March 28, 2005. Records from the Board of Elections show respondent has been registered to vote at the subject premises since April 15, 1992. Copies of bills from November 2000 to May 2003 from respondent’s life insurance provider, Prudential Financial, were mailed to respondent at 31 East 31st Street. Copies of utility bills for 31 East 31st Street are addressed solely to respondent from Consolidated Edison from January 2000 to October 2003; telephone bills from Bell Atlantic dated July 2000 and from AT&T from September 2001 to October 2003; and Time Warner Cable bills from March 1999 *434 through August 2001, with service connected again on June 24, 2003. Respondent has also provided a copy of her physician’s license, issued to her at 31 East 31st Street, with an expiration date of February 29, 2004, a copy of a statement addressed to her at 31 East 31st Street from her heath insurer dated June 19, 2002 and copies of bills from Macy’s from March 2002 to November 2003 sent to her at 31 East 31st Street. Respondent asserts that her past and current checking accounts list her address as 31 East 31st Street, and has included a copy of a statement from Commerce Bank dated September 9, 2003, and a copy of a statement from Chase Manhattan Bank dated July 1, 2001.
Respondent’s affidavit provides that she has resided at the subject premises as her primary residence since August 15,1990, and this is where she keeps most of her personal possessions. Respondent asserts she generally stays in her apartment on weekdays and joins her husband in Queens Village on weekends. She does not own an automobile, is not a party to a lease agreement for any residential property other than the subject premises at 31 East 31st Street, is not a party to any proprietary lease, is not a party to any sublet or assignment agreement for residential property, and does not own any condominium nor any real estate. As a result of a medical condition, respondent received deliveries of oxygen tanks, which were billed to her at 31 East 31st Street from July 2001 to September 2003. Also, as a result of such medical condition, respondent asserts she received medical treatment from Dr. William Rea at the Environmental Health Center (EHC-D) in Dallas, Texas, for eight months, from April 18, 2001 to June 20, 2001, October 15, 2001 to December 4, 2001 and from March 15, 2002 to July 20, 2002.
Any party may move for summary judgment after issue has been joined (CPLR 3212). “When saved for a proper case it is a perfectly constitutional weapon. It does not deny the parties a trial; it merely ascertains that there is nothing to try.” (Siegel, NY Prac § 278, at 438 [3d ed].) The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a *435 factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do (Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). The burden upon a party opposing a motion for summary judgment is not met merely by repetition or incorporation by reference of the allegations contained in the pleadings or bills of particulars, verified or unverified (Indig v Finkelstein, 23 NY2d 728 [1968]).
The Rent Stabilization Code offers guidance in evaluating claims of nonprimary residence. Rent Stabilization Code (9 NYCRR) § 2520.6 (u) provides, in pertinent part,
“Although no single factor shall be solely determinative, evidence which may be considered in determining whether a housing accommodation subject to this Code is occupied as a primary residence shall include, without limitation, such factors as listed below:
“(1) specification by an occupant of an address other than such housing accommodation as a place of residence on any tax return, motor vehicle registration, driver’s license or other document filed with a public agency;
“(2) use by an occupant of an address other than such housing accommodation as a voting address;
“(3) occupancy of the housing accommodation for an aggregate of less than 183 days in the most recent calendar year, except for temporary periods of relocation pursuant to section 2523.5 (b) (2) of this Title.”
Rent Stabilization Code § 2523.5 (b) (2) provides in pertinent part that the minimum periods of required residency shall not be deemed to be interrupted if the tenant temporarily relocates because she is hospitalized for medical treatment.
The Court of Appeals found that a tenant’s affidavit combined with documentary submissions were sufficient to establish that the subject premises were her primary residence in the case of Draper v Georgia Props. (94 NY2d 809, 811 [1999]), where the Court held,
“Discovery may be appropriate in some landlord-tenant disputes. Here, however, the tenant’s submission of evidence as to her use of the apartment as a continuous, primary residence negates the necessity for discovery before summary judgment may be found available and appropriate.
“In particular, the tenant’s affidavit in support of *436 her motion for summary judgment stated that she had resided in New York City prior to moving into the apartment and she had consistently resided in this apartment, as her sole residence, since July 1991. Attached to the affidavit were copies of correspondence from the landlord directed to her at the apartment, her driver’s license, her voter registration card, the front page of her tax returns, utility bills with bill dates beginning in July 1991, a contract for her son’s enrollment at a nearby private school, and correspondence sent to the apartment from a community group thanking her for her contribution.”
Respondent has clearly met the standard articulated by the Court of Appeals in the Draper case. Her affidavit states that the subject premises has been her primary residence since 1990, and she has also provided copies of her medical bills and driver’s license, voter registration, tax returns, dated utility, credit card and other bills, as well as life and health insurance invoices, and bank statements. Her husband has also provided an affidavit and documents relating to his ownership and occupancy of this Queens Village home. In combination, they establish respondent’s entitlement to summary judgment.
In reply to respondent’s motion for summary judgment, petitioner’s property manager Debbie Sabatino repeats her assertion that she concluded respondent was not occupying the subject premises as her primary residence based on the fact that the building personnel had mentioned that they had not seen Ms. Buffaloe at the subject premises on a consistent basis, for many months. To this vague charge Ms. Sabatino adds
“9. It is my understanding that this information has now been confirmed by Ms. Buffaloe herself, who admits in her Affidavit that she did not reside in the subject apartment for eight (8) months between 2001 and 2002, and that she routinely spends weekends at her home in Queens Village, New York.”
According to petitioner, respondent’s cross motion raises the additional questions of what respondent’s medical condition was, whether respondent was hospitalized or received outpatient treatment while residing in another apartment in Dallas, Texas, and why respondent was unable to be treated in New York. Petitioner also questions why bills addressed to an entity “Health Care For the 21st Century” are mailed to respondent at the subject premises.
*437 Once again petitioner’s property manager, Debbie Sabatino, declines to provide the basis for the assertions in the rider to the notice to terminate and her affidavits submitted in this proceeding. She does not identify the building personnel who mentioned that respondent was not seen at the subject premises, provide an affidavit from them, nor explain what they meant when they mentioned that respondent was not seen at the subject premises on a consistent basis for many months. The court finds that petitioner’s reply does not provide any new facts which would defeat respondent’s entitlement to summary judgment.
The holding in Classic Props, v Martinez (168 Misc 2d 514 [App Term, 1st Dept 1996]) is instructive in evaluating respondent’s motion for summary judgment. There the court found in favor of an occupant alleging succession rights based upon a family relationship, holding that there was a substantial and voluminous production of documents in combination with affidavits in support, which was not meaningfully opposed by landlord. In that case the court held that an occupant’s failure to provide proof of a joint bank account was not a sufficient reason to deny respondent summary judgment, as the court held it is the totality of the relationship which controls, and no single factor is solely determinative in evaluating a succession rights holdover proceeding. In the instant matter, respondent’s substantial and voluminous production of documentation in combination with affidavits in support is likewise very thorough, and has not been meaningfully opposed by petitioner.
Further, this court is constrained to deny petitioner’s attempts to rebut respondent’s grant of summary judgment based upon Ms. Sabatino’s affidavit alone. Evidence, otherwise excludable at trial, may be considered to deny a motion for summary judgment provided that this evidence does not form the sole basis for the court’s determination Wertheimer v New York Prop. Ins. Underwriting Assn., 85 AD2d 540 [1st Dept 1981]). Although hearsay may be used to oppose a summary judgment motion, such evidence is insufficient to warrant denial of summary judgment where it is the only evidence submitted in opposition (Candela v City of New York, 8 AD3d 45 [1st Dept 2004]; Narvaez v NYRAC, 290 AD2d 400 [2002]; Arnold v New York City Hous. Auth., 296 AD2d 355 [1st Dept 2002]). An affidavit setting forth the names of witnesses, the substance of their testimony, how it was known what their testimony would be, and how the witnesses acquired their knowledge might he *438 sufficient to defeat a motion for summary judgment, without the witnesses’ own affidavits (Phillips v Joseph Kantor & Co., 31 NY2d 307 [1972]). But where an opposing affidavit referred to persons named in bills of particulars as witnesses to an alleged verbal altercation, without setting forth how it was known what their testimony would be, where such witnesses were during the altercation, or that they heard the conversations, or any circumstances indicating that it was likely that they had heard such conversations, no triable issue of ultimate fact was raised (Indig v Finkelstein, supra). In this case, not only is Ms. Sabatino’s affidavit unaccompanied by any other evidence, it may not even rise to the level of hearsay, as she never actually provides any specific declarations, nor the identity of such declarants, but simply recounts things which were “mentioned” to her.
The court also rejects petitioner’s argument that CPLR 3212 (f) recognizes that the court should deny respondent’s cross motion for summary judgment because discovery is not complete and grant petitioner’s motion for discovery.
This court acknowledges that discovery is favored in nonprimary residence holdover proceedings. Facts concerning a tenant’s residence and the use made of leased premises are peculiarly within the tenant’s knowledge, and therefore, contrary to the general rule, the law recognizes a presumption in favor of discovery in summary proceedings commenced by the landlord on the basis of nonprimary residence (Hughes v Lenox Hill Hosp., 226 AD2d 4 [1st Dept 1996], lv denied 90 NY2d 829 [1997]; Cox v J.D. Realty Assoc., 217 AD2d 179, 183-184 [1st Dept . 1995]). But the requirements of the CPLR must still be met.
CPLR 3212 (f) provides,
“Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just.”
A grant of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence (Bailey v New York City Tr. Auth., 270 AD2d 156 [1st Dept 2000]; Bank of Am. v Tatham, 305 AD2d 183 [1st Dept 2003]; Home Ins. Co. v Erdheim, 3 Misc 3d 132[A], 2004 NY Slip Op 50424[U] [App *439 Term, 1st Dept 2004]; Scarola v El Al Corp., 2002 NY Slip Op 50089[U] [App Term, 1st Dept 2002]).
In this case, petitioner has failed to provide any evidentiary basis to suggest that discovery may lead to relevant evidence. Petitioner’s failure to sufficiently oppose respondent’s motion for summary judgment is not redeemed by the additional information supplied by respondent. Respondent has explained the temporary nature of her medical treatment in Texas, and provided supplemental information demanded by petitioner.
In reply to the medical issue, respondent has provided copies of the invoices from the Environmental Health Center addressed to her at 31 East 31st Street, as well as an affidavit from Dr. William J. Rea. Dr. Rea’s affidavit provides that he is the founder and director of the Environmental Health CenterDalias, which is the only clinic of its type in the country which specializes in the diagnosis and treatment of sensitivities to various chemical and environmental substances. According to Dr. Rea, respondent was diagnosed with a severe environmental chemical reaction which required specialized treatment; respondent stayed in a unit owned by EHC-D during this treatment, but was never a tenant nor did respondent sign a lease with EHC-D. Respondent also indicates that the entity Health Care For the 21st Century, which appears on some bills mailed to respondent, was her employer from January 1996 to December 1999, and was never located in her apartment.
Despite petitioner’s failure to describe in anyway the basis of its claim, respondent continues to provide additional information sought by petitioner: she is not a party to any effective custody agreement as her only child was born on October 6, 1967; she has no credit card accounts other than those already produced; she is not a party to any written employment contract since 1985; no educational transcripts have been provided to her since 1994; she does not have, and has never had, an E-Z Pass account; she has never executed any powers of attorney to anyone; she never had a will.
Because petitioner has not presented any facts essential to justify opposition to respondent’s summary judgment motion, petitioner has not demonstrated an entitlement to discovery pursuant to CPLR 3212 (f).
Based upon the foregoing, respondent’s motion for summary judgment is granted and the petition is dismissed. Petitioner’s motion for discovery and use and occupancy is denied.