Order, Supreme Court, Bronx County (Cynthia S. Kern, J.), entered on or about July 9, 2008, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff sued for injuries sustained by decedent when she fell out of bed due to the alleged negligence of her home health aide. Defendants were entitled to judgment when they established, through plaintiff’s own deposition testimony, that plaintiff had no personal knowledge of the facts related to the injury (see Rodriguez v Sixth President, 4 AD3d 406 [2004]), thus relegating her theory to being proven only by speculation (see Teplitskaya v 3096 Owners Corp., 289 AD2d 477 [2001]).
In any event, plaintiffs testimony was based on inadmissible hearsay, rendering it insufficient to create a triable issue of fact (see Narvaez v NYRAC, 290 AD2d 400 [2002]). There is a notable exception to the hearsay exclusion rule for statements uttered under the stress of excitement, caused by an external event that “still[s the declarant’s] reflective faculties,” removing the opportunity for deliberation that might lead to untruthfulness (People v Edwards, 47 NY2d 493, 497 [1979]). Statements made by decedent and the home health aide, in a telephone call to plaintiff approximately 272 hours after the fall, were precipitated by an event that was traumatic to both. *531 However, in view of the fact that decedent was apparently conscious during this passage of time, she was capable of reflection by the time she spoke with her daughter on the telephone, thus eliminating the spontaneous nature of her declaration. Concur— Tom, J.P., Buckley, Catterson, Freedman and Abdus-Salaam, JJ.