■ YING CHOY CHONG, Respondent, v 457 WEST 22ND STREET TENANTS CORP., Defendant, and BULSON MANAGEMENT LLC, Appellant. (And a Third-Party Action.) [42 NYS3d 116]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 11, 2015, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim against defendant Bulson Management LLC (Bulson), and denied Bulson's motion for summary judgment dismissing the complaint, except to the extent of dismissing plaintiff's Labor Law § 241 (6) claim insofar as predicated on certain Industrial Code violations, unanimously affirmed, without costs.

Plaintiff was entitled to summary judgment on his Labor Law § 240 (1) claim where he fell from a six-foot-high Baker's scaffold, which he was directed to use in order to plaster a ceiling. The record shows that the scaffold "had no side rails, and no other protective device was provided to protect him from falling off the sides" (*Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 280 [1st Dept 2005]; *see also Crespo v Triad, Inc.*, 294 AD2d 145, 146-147 [1st Dept 2002]). Although the transcript of plaintiff's deposition testimony that he submitted in support of his motion was unsigned, because the transcript was certified by the court reporter and Bulson does not challenge its accuracy, it is properly considered in support of plaintiff's motion

(*Franco v Rolling Frito-Lay Sales, Ltd.*, 103 AD3d 543 [1st Dept 2013]). In any event, plaintiff adopted it as accurate by submitting it in support of his motion (*id.*).

Bulson's contention that plaintiff's action in remaining on the scaffold as it was moved was the sole proximate cause of the accident is unavailing. Although plaintiff testified that he and his coworker had discussed moving the scaffold, he further testified that he screwed a plank into the ceiling after that discussion, the coworker did not say anything when he moved the scaffold, and plaintiff did not realize that his coworker was going to move the scaffold until he felt it move.

The affidavit of Bulson's owner stating that Bulson had provided a lifeline, belt, and harness with the scaffold contradicted his deposition testimony that he did not know whether any safety equipment was provided to workers using the scaffold and that safety equipment is not used for a scaffold. Accordingly, the affidavit presents only a feigned factual issue insufficient to defeat the motion (*see e.g. Garcia-Martinez v City of New York*, 68 AD3d 428 [1st Dept 2009]).

In any event, the statement in the affidavit of Bulson's owner that a subcontractor had assured him that the subcontractor had instructed all his employees to use the lifeline, belt and harness is insufficient raise a triable issue of fact as to whether plaintiff may be the sole proximate cause for disregarding such an instruction (*see Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]). While hearsay may be considered in opposition to defeat a summary judgment motion if it is not the only evidence upon which opposition to the motion is predicated, because it was the only evidence establishing that plaintiff disregarded an instruction to use the safety devices, it is insufficient to defeat plaintiff's motion (*see Narvaez v NYRAC*, 290 AD2d 400 [1st Dept 2002]).

The motion court also properly refused to dismiss plaintiff's Labor Law § 241 (6) claim insofar as it is predicated on Industrial Code (12 NYCRR) § 23-5.18 (b), which requires safety rails on manually propelled scaffolds without regard to the height of the scaffold (*Vergara*, 21 AD3d at 280-281). Furthermore, the court properly denied Bulson's motion insofar as it sought dismissal of plaintiff's Labor Law § 200 and common-law negligence claims, since Bulson provided the scaffold lacking safety rails (*see Cevallos v Morning Dun Realty, Corp.*, 78 AD3d 547, 549 [1st Dept 2010]; *Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 225 [1st Dept 1999]). Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.