Clarke v Empire Gen. Contr. & Painting Corp. (2020 NY Slip Op 07698)





Clarke v Empire Gen. Contr. & Painting Corp.


2020 NY Slip Op 07698


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 25216/15E 43241/15E 43271/15E Appeal No. 12706&M-02947 Case No. 2019-5468 

[*1]Rohan Clarke, Plaintiff-Respondent,
v
Empire General Contracting & Painting Corp., Defendant-Appellant, Pen & Brush, Inc., et al., Defendants-Respondents.
Empire General Contracting & Painting Corp., Third-Party Plaintiff-Appellant,
v
Lough Allen Masonry, Third-Party Defendant-Respondent. [And Other Actions]


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas Hurzeler of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Alani Golanski of counsel), for Rohan Clarke, respondent.
Litchfield Cavo LLP, New York (Christopher H. Sommer of counsel), for Pen & Brush, Inc., respondent.
Law Office of Linda A. Stark, New York (Linda A. Stark of counsel), for Lough Allen Masonry, respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about July 3, 2019, which, inter alia, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim and Labor Law § 241(6) claim insofar as based on Industrial Code (12 NYCRR) § 23-1.7(b)(1)(i) and (iii), granted the motion of third-party defendant/second third-party defendant Lough Allen Masonry (Lough Allen) for summary judgment dismissing the common-law indemnification and contribution claims as against it, granted the motion of defendant/second third-party plaintiff/third third-party plaintiff Pen & Brush, Inc. (Pen & Brush) for summary judgment on its contractual indemnification claim against defendant/third-party plaintiff Empire General Contracting and Painting Corp. (Empire), and denied Empire's motion for summary judgment dismissing plaintiff's purported claim for total and permanent disability, unanimously affirmed, without costs.
Plaintiff commenced this action alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6) seeking to recover for personal injuries he sustained when, while dismantling a scaffold in an elevator shaft of a building under renovation, he fell from the scaffold to the bottom of the shaft. Contrary to Empire's contention, plaintiff was not the sole proximate cause of the accident or a recalcitrant worker or acting outside the scope of his duties in dismantling the scaffold. Plaintiff testified that his employer had instructed him to dismantle the scaffold and the sole support for Empire's contention that dismantling the scaffold was outside the scope of his duties was inadmissible hearsay testimony. While hearsay may be considered in opposition to a summary judgment motion, it is insufficient to defeat summary judgment where, as here, it is the only evidence upon which denial of summary judgment would be based (see Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591, 592 [1st Dept 2016]). Empire's further contention that, in any event, harnesses were provided is unavailing. There is no evidence plaintiff knew or was instructed to use them, even if they were available somewhere on site (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; compare Robinson v East Med. Ctr., LP, 6 NY3d 550 [2006]).
Pursuant to their contract, Empire agreed to indemnify Pen & Brush for damages, "arising from any act, omission, negligence, potential claims and losses" of, inter alia, Empire or its subcontractors "during the performance of the Contract." Its indemnification obligation was triggered here where plaintiff's injuries arose from the act of Empire's subcontractor, Lough Allen, in dismantling the scaffold and a finding of negligence is not required (Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]).
Supreme Court properly determined plaintiff had not sustained a grave injury and dismissed the common-law indemnification and contribution claims against Lough Allen (see Workers' Compensation Law[*2]§ 11). As relevant here, "grave injury" within the meaning of Workers' Compensation Law § 11 includes "an acquired injury to the brain caused by external physical force resulting in permanent total disability." Permanent total disability in the context of Workers' Compensation Law § 11 means unemployable in any capacity (see Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004]).
Lough Allen prima facie established though the reports of its neuroendocrinologist and vocational rehabilitation expert, who each examined plaintiff in 2017, and found that he was not disabled from working in any capacity. Additional medical reports from 2017 and 2018 agreed he was not disabled from working, although there may be limits on the work he could do. Empire's reliance on a previous report from 2015 stating that plaintiff "cannot resume work at this time and is neurologically totally disabled at this time" is insufficient to raise an issue of fact (see Alulema v ZEV Elec. Corp., 168 AD3d 469, 470 [1st Dept 2019]), and Empire points to no medical evidence in the record indicating plaintiff is totally and permanently disabled from working in any capacity. Moreover, plaintiff acknowledges that his bill of particulars does not assert a claim for total and permanent disability and the extent of disability plaintiff may be able to prove, consistent with the finding that he has not suffered a grave injury, is properly reserved for trial. M-02947 — Clarke v Empire General Contracting & Painting Corp.
Motion to strike Point III of appellant's reply brief granted to the extent of striking such portions which, on appeal, raise issues for the first time in the reply brief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020