Hayes v Martinez (2023 NY Slip Op 02587)

Hayes v Martinez

2023 NY Slip Op 02587

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, Kennedy, Scarpulla, JJ. 

Index No. 158632/17 Appeal No. 230 Case No. 2022-01490 

[*1]Donna Hayes, Plaintiff-Respondent,
v
Ululy Rafael Martinez, Esq., Defendant-Appellant, Tommy Montalvo, Defendant.

K&L Gates LLP, New York (George P. Barbatsuly of counsel), for appellant.
Stephen Bilkis & Associates, PLLC, Garden City (Scott L. Steinberg of counsel), for respondent.

Order, Supreme Court, New York County (Gerard Lebovits, J.), entered September 28, 2021, which, to the extent appealed from as limited by the briefs, denied defendant Ululy Rafael Martinez's motion for summary judgment dismissing the causes of action for fraud, conversion, breach of contract, and unjust enrichment as against him, unanimously modified, on the law, without costs, to dismiss the causes of action for fraud and breach of contract and to dismiss the cause of action for conversion insofar as plaintiff alleges that Martinez failed to return $48,000 to her, and to dismiss the cause of action for unjust enrichment with respect to the $48,000, and otherwise affirmed, without costs.
Supreme Court improperly denied defendant's summary judgment motion on the causes of action for unjust enrichment and conversion with respect to $48,000 that he allegedly received and deposited into his bank account. First, there is no evidence that Martinez benefited or was enriched from the $48,000 and thus the unjust enrichment claim cannot stand (see Georgia Malone & Co, Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]). Second, Martinez established his entitlement to dismissal of the conversion claim with respect to the $48,000, as he furnished uncontradicted evidence that he disposed of the money as he understood plaintiff had intended — that is, for buying a car for Montalvo, providing Montalvo with spending money while he looked for a job, and for investment by Martinez (see Regions Bank v Wieder & Mastroianni, P.C., 526 F Supp 2d 411, 415 [SD NY 2007], affd 268 Fed Appx 17 [2d Cir 2008]). We reject as uncorroborated hearsay plaintiff's statement that Montalvo told her that Martinez was, in fact, aware of her true intention that the money was to be used for investment purposes, the profits given to Montalvo, and the principal then returned to her (see Narvaez v NYRAC, 290 AD2d 400, 401 [1st Dept 2002]).
However, Martinez did not establish his entitlement to summary judgment dismissing the causes of action for unjust enrichment and conversion with respect to $114,000 that Martinez allegedly received so that he could purchase and renovate certain property in Waterbury, Connecticut. According to Martinez, he testified at his deposition that he did not receive the $114,000, and should be able to stand on that testimony. However, this characterization of the testimony is not entirely accurate. In fact, Martinez actually testified only that neither plaintiff nor defendant Tony Montalvo provided him with any financing for the property or gave him money to renovate the property. Thus, Martinez's statement does not refute plaintiff's claim that he did, in fact, receive the $114,000 (see id.).
Furthermore, Martinez was entitled to dismissal of the cause of action for fraud, as he established that he never communicated with Hayes regarding either the $48,000 or the $114,000, and therefore never communicated a false statement to her. In opposition[*2], plaintiff failed to raise an issue of fact. Plaintiff admitted in discovery that her direct communications with Martinez were limited to matters unrelated to the transactions at issue here. As to whether Martinez indirectly communicated a false statement to plaintiff, she identifies no statement from Montalvo that Montalvo claimed came from Martinez, nor does she even allege facts suggesting that any statements to her were made at Martinez's request (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 828 [2016]).
Finally, Supreme Court should have dismissed the cause of action for breach of contract as against Martinez. With respect to plaintiff's alleged agreement to loan $48,000, Martinez's uncontroverted evidence that he was told that the money was to be used for buying Montalvo a car, providing spending money for Montalvo while he looked for a job, and investing by Martinez, contradicted plaintiff's averments that the money was to be used to invest and the principal returned to her. As a result, there was no meeting of the minds as to the purpose of that money. Meanwhile, Martinez stated that he was unaware of any money related to the Waterbury property, thus negating an essential term of the alleged agreement to fund $114,000 in connection with the property. As with her conversion claim pertaining to the $48,000, plaintiff's sole evidence on the breach of contract claim to contradict Martinez's contentions — namely,
that Montalvo told her that Martinez was aware of the money's true purpose — is uncorroborated hearsay (see Narvaez, 290 AD2d at 401).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023