Garcia v 122-130 E. 23rd St. LLC (2023 NY Slip Op 05096)

Garcia v 122-130 E. 23rd St. LLC

2023 NY Slip Op 05096

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Index No. 153179/19, 595901/19 Appeal No. 736 Case No. 2022-01004 

[*1]Jose Garcia, Plaintiff-Appellant,
v
122-130 East 23rd Street LLC, et al., Defendants-Respondents. (And a Third-Party Action.)

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (John V. Fabiani of counsel), for respondents.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about February 18, 2022, which denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
In this personal injury action, plaintiff asserts that he was directed to do taping work around lights on the ceiling of a garage at the subject work site. Plaintiff, and his coworker Jesus, were told to retrieve pieces of scaffold (stored a block away from their location on this construction site) and assemble it for the work. Because the available scaffold parts they retrieved did not fit one another and were "mismatched" the scaffold could not be erected properly to provide a safe working surface. Plaintiff maintains he complained of the defective scaffold and was told in effect, to work with what he had. Additionally, plaintiff asserts, and defendants do not contest, that he was not provided with any additional safety equipment (i.e., ropes, harness) for the height-related task he was assigned to complete. Plaintiff testified that while attempting to work on the scaffold it suddenly collapsed, throwing him to the ground and causing severe injuries.
The court found that plaintiff did not make a prima facie showing of entitlement to summary judgment and denied the motion on that basis. We find, however, that plaintiff did, in fact, make a prima facie showing that he was entitled to summary judgment, as he submitted his deposition testimony stating that the scaffold provided to him collapsed while he stood on it to perform work at an elevation. As we have previously found, testimony establishing that a safety device collapsed is sufficient for a prima facie showing on liability (see e.g. Thompson v St. Charles Condominiums, 303 AD2d 152, 154 [1st Dept 2003], appeal dismissed 100 NY2d 556 [2003]).
In opposition to the motion, defendants submitted affidavits from an investigator (Juan Carlos Payan) and from the principal (Edna Lally) of the sheetrock/taping contractor. Both the principal and the investigator averred that plaintiff's supervisor (Julian Sabato) instructed plaintiff not to use the scaffold, as it was not compatible with the scaffold base immediately available, and that he was to wait for compatible scaffold pieces to be brought over within the next 10 minutes from a part of the site approximately one block away. However, according to the affidavits, plaintiff refused to wait for a usable base and used the unsuitable one instead, ostensibly resulting in the scaffold's collapse and plaintiff's injury.
As plaintiff notes, however, defendants did not include in their opposition to the motion an admissible affidavit of Sabato, plaintiff's onsite supervisor and the only defense witness with firsthand knowledge of any purported discussion with plaintiff regarding the safety of the scaffold prior to the accident. Instead, defendants submitted an unsigned document purporting [*2]to be an affidavit from Sabato and premised the affidavits of the principal and investigator entirely upon the hearsay statements that Sabato allegedly made to the affiants regarding the incident. Further, defendants provided no indication as to whether Sabato would be available to testify at trial. "While hearsay statements may be offered in opposition to a motion for summary judgment, hearsay statements cannot defeat summary judgment 'where it is the only evidence upon which the opposition to summary judgment is predicated'" (Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582, 584[1st Dept 2018], quoting Navarez v NYRAC, 290 AD2d 400, 401 [1st Dept 2002]). Conversely, inadmissible hearsay statements may be considered in opposition to a motion for summary judgment where offered in conjunction with admissible evidence in support of the same argument (see Zimbler v Resnick 72nd St Assoc., 79 AD3d, 620, 621 [1st Dept 2010] [inadmissible hearsay statements of eyewitness considered in opposition where offered alongside the plaintiff's deposition testimony]).
Because defendants' submissions in opposition rely entirely on Sabato's inadmissible hearsay statements, they are insufficient to raise a triable issue of fact as to whether plaintiff's conduct — namely, using a scaffold that he was allegedly instructed not to use - may be the sole proximate cause for his accident and therefore warrant a denial of plaintiff's motion (see Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591, 592 [1st Dept 2016] [hearsay statements of subcontractor that he had instructed all employees to use safety devices and that the plaintiff had disregarded to do so were insufficient alone to defeat the plaintiff's motion]; see also Clarke v Empire Gen. Contr. & Painting Corp., 189 AD3d 611, 612 [1st Dept 2020], citing Ying Choy Chong for same rule]). In light of this finding, we need not reach the issue of whether defendants proffered an acceptable excuse for offering the hearsay statements.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023