Rodas-Garcia v NYC United LLC (2024 NY Slip Op 01687)

Rodas-Garcia v NYC United LLC

2024 NY Slip Op 01687

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Index No. 153434/18, 596020/18 Appeal No. 1908 Case No. 2023-01261 

[*1]Bairon Rodas-Garcia, Respondent,
v
NYC United LLC, Appellant.
NYC United LLC, Third-Party Plaintiff-Appellant,
v
BDB Construction Enterprise Inc., Third-Party Defendant-Respondent.

Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellant.
William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for Bairon Rodas-Garcia, respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 22, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on liability on his Labor Law § 240 (1) claim against defendant, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240 (1) claim by submitting proof, including an expert affidavit, that he fell from an unsecured 12-foot A-frame ladder that suddenly moved as he was reaching overhead to plaster the ceiling (see Rodriguez v Milton Boron, LLC, 199 AD3d 537, 538 [1st Dept 2021]). "It is irrelevant that plaintiff inspected the ladder and found it to be in good order before using it, as plaintiff is not required to demonstrate that the ladder was defective in order to make a prima facie showing of entitlement to summary judgment on his Labor Law § 240 (1) claim" (Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]).
In opposition, defendant failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of the accident (see Rodriguez, 199 AD3d at 538). Defendant's evidence regarding whether plaintiff was reaching towards the ceiling while on the ladder instead of repositioning it and whether the ladder was too short consisted solely of inadmissible hearsay (see Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591, 592 [1st Dept 2016]). In any event, even if plaintiff placed the ladder in a position where he had to reach when plastering the ceiling, this at most established comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Caceres v Standard Realty Assoc., Inc., 131 AD3d 433, 434 [1st Dept 2015], appeal dismissed 26 NY3d 1021 [2015]).
The medical evidence noting that plaintiff lost his balance and fell off the ladder is not included in the record, and defendant's arguments relying on it are improperly raised for the first time on appeal (see Pinzon, 211 AD3d at 444). Accordingly, we decline to consider them. In any event, defendant did not establish that the statements contained in the medical record were germane to plaintiff's diagnosis and treatment or directly attributable to plaintiff (see Greca v Choice Assoc. LLC, 200 AD3d 415, 416 [1st Dept 2021]). Furthermore, a statement that plaintiff lost his balance and fell does not contradict plaintiff's consistent testimony that he fell because the ladder suddenly moved (see Rom v Eurostruct, Inc., 158 AD3d 570, 571 [1st Dept 2018]).
There is also no evidence in the record that plaintiff was the sole proximate cause of the accident for failing to use a harness (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]).
We have considered defendant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024