| |
| --- |
| **Procopio v Nargila Grill NYC Inc.** |
| 2024 NY Slip Op 33403(U) |
| September 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154711/2022 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. JUDY H. KIM</u>          PART            **04**

*Justice*

-------------------------------------------------------------------------------X

ANDREA PROCOPIO,                 INDEX NO.      <u>154711/2022</u>

                              MOTION DATE     <u>02/09/2024</u>

            Plaintiff,

                              MOTION SEQ. NO.     <u>001</u>

- v -

NARGILA GRILL NYC INC.,1599 YORK AVENUE, LLC,         **DECISION + ORDER ON**
                                               **MOTION**

            Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion for                <u>       JUDGMENT - SUMMARY       </u>.

Upon the foregoing documents, Nargila Grill NYC Inc.'s motion for summary judgment dismissing the complaint and co-defendant 1599 York Avenue, LLC's crossclaims against it is granted.

In this negligence action, plaintiff alleges that on January 8, 2022, she tripped and fell on a raised sidewalk flag in front of 1599 York Avenue, New York, New York, sustaining injuries. 1599 York Avenue is owned by defendant 1599 York Avenue LLC ("1599 York") with the ground floor occupied by defendant Nargila Grill NYC Inc ("Nargila") pursuant to a lease between these defendants dated November 1, 2017 (the "Lease"). Both defendants interposed answers, with 1599 York asserting crossclaims against Nargila for: (i) common law indemnification; (ii) contractual indemnification; and (iii) breach of contract (for failure to purchase insurance) (NYSCEF Doc. No. 2).

**154711/2022 PROCOPIO, ANDREA vs. NARGILA GRILL NYC INC. ET AL**
**Motion No. 001**

**Page 1 of 4**

1 of 4

[* 1]

Nargila now moves for summary judgment, on the grounds that as a tenant it is not liable for any defective condition in the sidewalk flag as it did not create the subject sidewalk defect and did not make special use of the sidewalk. Plaintiff does not oppose the motion and, in fact, concedes that Nargilla bears no liability (NYSCEF Doc. No. 39 [Stern Affirm.]). 1599 York opposes the motion, however, arguing that its crossclaims remain viable.

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [internal citations omitted]).

That branch of Nargila's motion for summary judgment dismissing the complaint as against it is granted without opposition. As a rule, Administrative Code §7-210 imposes a nondelegable duty solely on the owner of the abutting premises to maintain and repair the sidewalk. While a tenant can be held liable to a third party where it "affirmatively caused or created the defect that caused plaintiff to trip," or "put the subject sidewalk to a special use for its own benefit, thus assuming a responsibility to maintain the part used in reasonably safe condition" or "the lease was so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk" (Abramson v Eden Farm, Inc., 70 AD3d 514, 514 [1st Dept 2010]; Kellogg v All Sts. Hous. Dev. Fund Co., Inc., 146 AD3d 615, 617 [1st Dept 2017]),

**154711/2022   PROCOPIO, ANDREA vs. NARGILA GRILL NYC INC. ET AL**
**Motion No.  001**

**Page 2 of 4**

2 of 4

Nargila has established that these exceptions do not apply. A review of the Lease demonstrates that it does not shift 1599 York's duty to maintain the subject sidewalk onto Nargila so comprehensively and exclusively that plaintiff may recover against Nargila for a breach of its limited duty to maintain the sidewalk under the Lease (See e.g., Collado v. Cruz, 81 AD3d 542 [1st Dept 2011]) and the deposition transcripts of the owner and manager of Nargila, Viktoriya Levdar, and the property manager of 1599 York, John Ventura, submitted by Nargila establish that Nargila did not create the subject condition or put the sidewalk to special use.

The branch of Nargila's motion for summary judgment dismissing 1599 York's crossclaims is also granted. As plaintiff alleges that her fall was caused by a defective sidewalk flag, the Lease's indemnification provisions are inapplicable, as they address claims for injuries sustained within the leased premises, which do not include the abutting sidewalk (NYSCEF Doc. No. 36 [Lease at ¶6(j), Rider at ¶57]). Finally, Nargila has established that no breach of contract claim lies. While it is undisputed that the Lease requires Nargila to name 1599 York as an additional insured on a policy covering claims against injuries sustained on the premises or its adjourning sidewalk (Id. at ¶10[c]), Nargila has established—and 1599 York concedes—that Nargila did, in fact, obtain such insurance (See NYSCEF Doc. Nos. 37, 45-46).

1599 York's remaining arguments in opposition are unavailing. Its assertion that the deposition transcripts Nargila submits cannot be considered because they are unsigned is without merit. These transcripts are certified and neither 1599 York nor plaintiff challenge their accuracy (See Arthur v Liberty Mut. Auto and Home Services LLC, 169 AD3d 554, 555 [1st Dept 2019]; Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591, 591 [1st Dept 2016]; Franco v Rolling Frito-Lay Sales, Ltd., 103 AD3d 543, 543 [1st Dept 2013]). Its other argument, that Nargila's statement of material facts does not comply with 22 NYCRR 202.8-g(d), is equally

154711/2022  PROCOPIO, ANDREA vs. NARGILA GRILL NYC INC. ET AL
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

unsuccessful. As the Court has not directed such a statement of material fact, none is necessary (See 22 NYCRR 202.8-g).

Accordingly, it is

**ORDERED** that Nargila Grill NYC Inc.'s motion for summary judgment dismissing the complaint and all crossclaims against it is granted and this action is dismissed as against it; and it is further

**ORDERED** that Nargila Grill NYC Inc. shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of entry on plaintiff and 1599 York Avenue, LLC; and it is further

**ORDERED** that Nargila Grill NYC Inc. shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

| | |
|---|---|
| 9/26/2024 | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154711/2022   PROCOPIO, ANDREA vs. NARGILA GRILL NYC INC. ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4